(No. 36235.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUTHER BRADFORD, Plaintiff in Error.

*Opinion filed September 22, 1961.*

Ruth Morrison Harris, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher and Marvin E. Aspen, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

Defendant, Luther Bradford, together with one Wilford Peebles and one Glenda Bates were indicted for the crime of larceny of a motor vehicle. Peebles pleaded guilty and the defendant and Bates were tried jointly before the court without a jury in the criminal court of Cook County and were found guilty. The present writ of error is brought by the defendant Bradford alone.

It is contended on this writ of error that the State did not prove the defendant guilty beyond a reasonable doubt.

The owner of the automobile, David Deiler, testified that he met Glenda Bates in a tavern in Cicero and had several drinks with her and Peebles, whom Glenda had introduced to Deiler as her brother. Deiler testified that he, Glenda and Peebles then proceeded in his car to Glenda's apartment with Peebles driving part of the way and Glenda driving the rest of the way. The defendant Bradford came to the apartment about an hour and a half after they arrived there. Deiler remained at the apartment for several hours and before he left he asked Glenda for the keys to his car. She told him that Peebles had them but Peebles was asleep and they could not awaken him. He then went down to his car and found that the ignition was unlocked so that he could drive it without the keys. He proceeded to drive to his home in Warrenville, located about twenty miles from Chicago. He parked his car in front of his home and when he went to get his car the following day, it was no longer there.

A police officer testified that as he was riding in his patrol car about a week after the above events he saw a man removing a license plate from a car. There were two other people seated in the car at the time. He turned around to investigate and the man who had been removing the license plate jumped into the car and drove away. The officer radioed for assistance and the car was stopped by another police car. When the officer arrived at the scene there was no one in the car but a short time later the two officers from the second police car came back with Glenda Bates and Peebles. It was later learned that the car was the one which had been stolen from Deiler.

Peebles testified that he was present in the Cicero tavern with Glenda Bates and the defendant on the night in question when Deiler was present. He testified that while they were in the tavern the defendant showed him a certificate of title and told him that he had taken the certificate out of the glove compartment of Deiler's car. Defendant proposed to

Peebles that they should steal Deiler's car. Peebles testified that he had the keys to Deiler's car, since he drove the car from the tavern to Glenda Bates' apartment, and he further testified that on the day after all the parties had been together in the apartment he and the defendant and Glenda drove out to Warrenville to steal Deiler's car. They picked up Deiler's car and took it back to Chicago after abandoning Bradford's car because of a bad tire. About a week later, when he, Glenda, and the defendant were in the car, he and Glenda were arrested in Chicago. The defendant was not arrested until about a month later. Peebles claimed that the idea of stealing Deiler's car originated with the defendant Bradford and claimed that Glenda had no knowledge of the plan and did not know that Peebles and defendant were planning to steal the car.

For the defense, Glenda Bates testified that she met Peebles, Deiler and the defendant in the Cicero tavern. After drinking for a considerable time, they all left to go to Glenda's apartment, but defendant and another girl stopped off at another tavern and Glenda, Deiler and Peebles went on to Glenda's apartment. Defendant arrived at the apartment some time later. After Deiler had left the apartment, defendant showed Glenda the title certificate and asked her to sign it as a witness to a signature which purported to be Deiler's. She signed the certificate and defendant had another man also sign it as a witness and then defendant, Peebles and Glenda went out to Warrenville to pick up Deiler's car. Glenda testified that when she went out to Warrenville she did not know that defendant and Peebles were going to steal the car, but she learned after they had returned to Chicago that the car had been stolen.

The defendant testified that he was present in the Cicero tavern with Glenda Bates and Peebles, but he denied seeing Deiler at the tavern and denied leaving the tavern with Glenda and the others. He denied being in Glenda's apartment on the night when all of the other witnesses testified

he was present. He testified that he saw Glenda a few days later and that she had Deiler's title certificate. She and Peebles offered him $25 if he could get Deiler's purported signature notarized. He testified that he tried to get it notarized but the notary would not acknowledge it in Deiler's absence. He denied ever going to Warrenville with Peebles and Glenda.

There are some minor inconsistencies in the testimony of the State's witnesses with regard to who was present at various times and places. However, in spite of these inconsistencies there was ample evidence of defendant's guilt. It is true that the principal evidence was furnished by Peebles, an accomplice. While the testimony of an accomplice must be scrutinized with caution, the credibility of such testimony is a matter for the trial judge to determine. We have held that the uncorroborated testimony of an accomplice is sufficient to convict. (*People* v. *Alexander,* 21 Ill.2d 347.) We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

The only other assignment of error presented by the defendant relates to the hearing in aggravation and mitigation. At that hearing the assistant State's Attorney informed the court that defendant was wanted in Texas for escaping jail in 1945 and was also wanted in Louisiana on a forgery charge. The defendant admitted the Louisana charge but stated that he was not wanted in Texas. The prosecutor replied that his information was based upon an F.B.I. record and stated that they had contacted the Texas authorities. A police officer testified that the Texas authorities had not replied and that there were no warrants in Chicago for the return of the defendant to the State of Texas. At a hearing in aggravation the trial court is not bound by the usual rules of evidence and the informal presentation of the defendant's former record was not erroneous. The court was fully informed as to the Texas charge

and we are unable to see how the defendant was in any way prejudiced by the manner in which his former record was presented to the court. We further observe that although the prosecutor recommended a sentence of not less than five nor more than ten years the court imposed a sentence of not less than one nor more than three years, indicating that the court was not prejudiced against the defendant by the evidence of defendant's former record.

We find no reversible error in the record and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*