THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD Mc CULLOUGH, Defendant-Appellant.

(No. 71-249;

Second District—June 13, 1972.

Frederick F. Cohn, of Defender Project, and E. M. Genson, both of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Galyn W. Moehring, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted upon his plea of guilty to an indictment charging theft exceeding $150 (Ill. Rev. Stat. 1969, ch. 38, par. 16—1 (b)). He appeals from a sentence of 2-7 years in the penitentiary claiming that the punishment is excessive and that the court relied upon improper evidence in fixing the sentence.

The basis for the charge was defendant's alleged scheme in which he approached a businessman, showing him samples of a telephone book cover which he asserted was to be placed in a local hotel or motel. He collected a $221 down-payment for advertising space, but no covers were produced.

The initial probation report showed the defendant to be 39 years old, previously divorced and remarried in June of 1970. He received a college degree, following which he was gainfully employed for some ten and one-half years. His only conviction was a 1967 fine of $25 on an "N.S.F." check charge. The probation officer recommended probation in his initial report.

Before the probation hearing, however, it appeared that defendant was facing charges in various jurisdictions primarily for theft of property and services involving circumstances similar to the charge here. In addition, it appeared that defendant had rented a car in Kansas City, Missouri, in August for 10 days; and the rental agency had notified the State Police and had been attempting to locate the car which was found in defendant's possession in December. The probation officer, noting the new information, recommended denial of probation.

At his hearing the defendant denied that he had intended to defraud anybody in any of the incidents. He admitted substantial collections of money in the Rockford area; and non-delivery of any covers in the approximately one and one-half years he had been in his present business. He attributed this to financial difficulties. As to the rental car, he explained that he had told an unidentified girl at the agency that he needed the car for a longer period.

■■ There were police reports before the court in the probation hear-

ing, by attachment to a supplemental probation report, which contained hearsay information apparently supplied by defendant's wife detailing numerous similar attempts to defraud, and several pending charges. The record shows that the court was clearly aware that it would be error to consider evidence of defendant's previous arrests not resulting in convictions in determining the severity of the sentence. The presumption that the court disregarded incompetent evidence is additionally supported by the record. See *People v. Bradford* (1961), 23 Ill.2d 30, 34-5; *People v. Johnson* (1966), 68 Ill.App.2d 275, 279; *People v. Drewniak* (1969), 105 Ill.App.2d 37, 44.

■■ The denial of probation was within the proper exercise of the court's discretion. We do not deem this an appropriate case to apply our power to reduce sentence. We affirm.

Judgment affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.