(No. 70253.—
(No. 70302.—
(No. 70486.—
(No. 70538.—
(No. 70565.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROGER WILLIAMS, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANDRE PETERS, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LOUIS HAMILTON, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL WILLIAMS, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHRISTOPHER RICE, Appellant.

*Opinion filed June 9, 1992.—Rehearing denied October 5, 1992.*

FREEMAN, J., took no part.

Michael J. Pelletier, Deputy Defender, and Linda Eigner, Gordon H. Berry, Nan Ellen Foley, Barbara Czuchra Kamm, Ann C. McCallister and Debra R. Salinger, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, and Timothy McKercher, law student, for appellants.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Theodore Fotios Burtzos and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

No. 70486.—Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Winnebago County, the Hon. John C. Layng, Judge, presiding.

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Terence M. Madsen, Assistant Attorney General, of Chicago, Renee Goldfarb, Theodore Fotios Burtzos and William D. Carroll, Assistant State's Attorneys, and Kenneth R. Boyle, Robert J. Biderman and James Majors, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Gloria A. Morris, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE MORAN delivered the opinion of the court:

In cause No. 70253, defendant, Roger Williams, was convicted of robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—1(a)) following a bench trial in the circuit court of Cook County. At his sentencing hearing the court found Williams qualified for a Class X sentence (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3)) under section 5—5—3(c)(8) (the Class X provision) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)) of the Unified Code of Corrections (Uni-

fied Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1001—1—1 *et seq.*). Williams did not disagree with the court's finding and he was then sentenced to nine years in the Illinois Department of Corrections.

Williams appealed, contending, *inter alia*, that the court improperly sentenced him as a Class X offender. The appellate court affirmed his sentence, finding that he did not object to the proof of his two prior felonies and that the commission dates of these two felonies could be inferred from the record. (194 Ill. App. 3d 1111 (unpublished order under Supreme Court Rule 23).) This court granted Williams' petition for leave to appeal (134 Ill. 2d R. 315(a)).

In cause No. 70302, defendant, Andre Peters, was convicted of robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—1(a)) following a bench trial in the circuit court of Cook County. At his sentencing hearing the court found Peters qualified for a Class X sentence. Peters did not object to the court's Class X finding and he was then sentenced to 25 years in the Illinois Department of Corrections.

Peters appealed, contending, *inter alia*, that the court improperly sentenced him as a Class X offender. The appellate court affirmed his sentence, finding that the record contained ample evidence of Peters' status as a Class X offender. (198 Ill. App. 3d 1106 (unpublished order under Supreme Court Rule 23).) This court granted Peters' petition for leave to appeal (134 Ill. 2d R. 315(a)).

In cause No. 70486, defendant, Louis Hamilton, was convicted of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—(3)(a)) and robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—1(a)) following a jury trial in the circuit court of Winnebago County. At his sentencing hearing the court found Hamilton eligible for a Class X sentence. Hamilton conceded his eligibility for a Class X sentence and he was then sentenced to 20 years in the Illinois Department of Corrections.

Hamilton appealed, contending, *inter alia*, that he should not have been sentenced as a Class X offender. The appellate court reversed his sentence, finding that there was insufficient proof of Hamilton's prior felonies in the record. (198 Ill. App. 3d 108.) This court granted the State's petition for leave to appeal (134 Ill. 2d R. 315(a)).

In cause No. 70538, defendant, Michael Williams, was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)) following a bench trial in the circuit court of Cook County. At his sentencing hearing the court found Williams qualified for a Class X sentence. Williams did not object to the court's Class X finding and he was then sentenced to 12 years in the Illinois Department of Corrections.

Williams appealed, contending, *inter alia*, that the court improperly sentenced him as a Class X offender. The appellate court affirmed his sentence, finding that the commission dates of his two prior felonies could reasonably be inferred from the record. (201 Ill. App. 3d 434.) This court granted Williams' petition for leave to appeal (134 Ill. 2d R. 315(a)).

In cause No. 70565, defendant, Christopher Rice, was convicted of burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1(a)) following a jury trial in the circuit court of Cook County. At his sentencing hearing the court found Rice eligible for a Class X sentence. He was then sentenced to six years in the Illinois Department of Corrections.

Rice appealed, contending, *inter alia*, that the court erred in sentencing him as a Class X offender. The appellate court affirmed his sentence, finding that the record adequately established the commission dates of his prior felonies. (199 Ill. App. 3d 1102 (unpublished order under Supreme Court Rule 23).) This court granted Rice's petition for leave to appeal (134 Ill. 2d R. 315(a)).

The above causes were consolidated for review and each presents the following common issues: (1) whether

the State must prove beyond a reasonable doubt a defendant's eligibility for a sentence under the Class X provision of the Unified Code; and (2) whether State and Federal double jeopardy principles prohibit a second hearing on Class X eligibility where the record of the first sentencing hearing did not sufficiently establish such eligibility.

To be sentenced under the Class X provision, a defendant must have previously been twice convicted of a Class 2 or greater class felony, and the commission and conviction dates of the prior felonies must have occurred in the chronological order mandated by the statute. The Class X provision reads as follows:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was *committed after* the effective date of this amendatory Act of 1977 [Pub. Act 80—1099, eff. Feb. 1, 1978]; and (2) the second felony was *committed after* conviction on the first; and (3) the third felony was *committed after* conviction on the second." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).)

The records in the consolidated causes share a common omission in that the documents listing the two prior felonies of each defendant did not provide the dates on which those felonies had been committed.

In cause No. 70253, Williams' criminal history sheet (more commonly referred to as a "rap sheet" or a "B. of I.") set forth only the arrest and conviction dates of his two prior felonies. The sheet has six topic headings which read, from left to right, as follows: "NAME & ADDRESS, C.B. NO., DATE OF ARREST, ARRESTING OFFICER & DIST., CHARGE, AND DISPOSITION." (A criminal history sheet similar in form to those referred to here was

reproduced in *People v. Cabrera* (1987), 116 Ill. 2d 474, 505.) On the right-hand side of the sheet, appearing beneath the last four topic headings, the criminal history sheet reads, in relevant part, as follows:

"—20 Aug. 83 Off. Mancabi A/6 P/C (19) Burg. 22 Aug 83, Res. Burg. (38—19—3), PG/ G INFO #83—17302, 3 yrs Felony **PROBATION**, + $70. Ct. Cost, Judge Hogan, Doc #832617

\* \* \*

—22 June 84, Off. Hennigan, 14th Dist, Robbery 16 July 84, Agg. Battery (38—12—4) Robb. Armed (38—18—2) PC Transfer to Chief Judge, Judge Bowe (Doc. #841 588519)

6 Aug 84, INFO #84—1274, A/Robbery

17 Aug 84, Robbery (84—8461) Plea Glty 4yrs IDOC, Judge Bailey

Rec'd 23 Aug 84, Joliet CC #N—42986

06 Jun 86, **PAROLED** from East Moline Corr Cntr."

In cause No. 70302, Peters' prior felony convictions were evidenced by a criminal history sheet, a presentence investigation report (presentence report), and a certified statement of conviction. Neither the presentence report, the criminal history sheet, nor the statement of conviction gave the dates on which the two prior felonies were committed. The presentence report reads, in relevant part, as follows:

"Prior Conviction:

\* \* \*

| Date-Place | Case # | Charge(s): | Disposition: |
|---|---|---|---|
| | | \* \* \* | |
| 6/7/79 | 79 I 2755 | Burglary | 3 Yrs Prob Term. 3/1986 |
| \* \* \* | | | |
| 2-29-80 | 79—5169 | Burg | 3 Yrs. |

on Parole"

In cause No. 70486, Hamilton's two prior felonies were shown in both a presentence report and in a "Statement

by the State's Attorney," but each document lacked the dates on which the felonies were committed. The presentence report reads, in relevant part, as follows:

| "Arrest Date | Offense | Disposition |
|---|---|---|
| | * * * | |
| 10-12-78 Winnebago County | Armed Robbery 78CF852 | Defendant pleaded guilty on 2-22-79 sentenced to 6 years Department of Corrections. |
| | * * * | |
| 12-25-85 Winnebago County | Burglary 85CF1275 | Defendant pleaded guilty on 7-16-86; sentenced to 3 years Department of Corrections, CTS 204 days, statutory fine and costs." |

In cause No. 70538, Michael Williams' two prior felonies were evidenced by a criminal history sheet and a presentence report. The criminal history sheet showed only arrest and conviction dates beneath the date of arrest, arresting officer, charge, and disposition topic headings. It reads, in relevant part, as follows:

"—31 Aug 79, Off Groth, 019th Dist., Burglary

4 Sept 79, Burg. (38—19—1) FPC, Transf to Chief Judge, Judge Reynolds.

1 Oct 79. INFO #79—5909, Burglary.

24 Apr 80. Joliet CC #A — 62066 Burglary (79—5909) Find Glty, 6yrs, Judge Sklodowski. Rec'd 30 Apr 80, _____ Released

* * *

—15 July 84, Off, Kealney, 13th Dist, Burglary

09 Aug 84, Forc. Burg (38—19—1a), PG/FG Info #84—16769, 4yrs Ill Dept of Corr., * * *."

In cause No. 70565, Rice's two prior felonies were also evidenced by a criminal history sheet. The sheet

similarly showed only arrest and conviction dates beneath the four topic headings mentioned above. It reads, in relevant part, as follows:

"—18 Sep 82, Off Mette A6—PC (19) Burglary

6 Oct 82, Burglary (38—19—3) FPC Transfer to Chief Judge, Judge McCollom

27 Oct 82, GJ IND #82C—9880, Residential Burglary, Burglary—17 Apr 83 Off. Winchar A/6 PC (19) Theft Fel

18 Apr 83, Theft (38—16—1) Poss Drugs wrt, Transf to Chief Judge, Judge Campion

09 May 83, GJ IND #83C—4313, Theft, Burglary

23 June 83. Theft, (83—c4313) Nolle Prosse., Burglary, PG/FG3yrs IDOC, Judge Hall.

24 Mar 83, Burglary (82—9880), PG/FG 24 Mos PROBATION, Judge Hall."

Defendants maintain that they cannot be sentenced under the Class X provision unless the State proves, beyond a reasonable doubt, the commission and conviction dates of their two prior felonies. Conversely, the State contends that there is absolutely no language within the Unified Code that places any burden upon it to prove defendants' two prior felonies.

Our appellate court is divided on the question of whether the State has the burden of proving, beyond a reasonable doubt, defendants' eligibility for a Class X sentence under the Class X provision. The First and Second Districts have each held that the State has such a burden. (*People v. Kinzer* (1st Dist. 1991), 214 Ill. App. 3d 790, 797; *People v. Kennard* (1st Dist. 1990), 204 Ill. App. 3d 641, 660; *People v. Williams* (1st Dist. 1990), 201 Ill. App. 3d 434, 437; *People v. Pietruszynski* (1st Dist. 1989), 189 Ill. App. 3d 1071, 1079; *People v. Harris* (1st Dist. 1987), 157 Ill. App. 3d 70, 74; see also *People v. Brooks* (1st Dist. 1990), 202 Ill. App. 3d 164, 177 (State is required to prove prior felonies under the Class X provision); *People v. Hamilton* (2d Dist. 1990), 198 Ill. App. 3d 108, 113.) However, the Fourth District

has held that the State is not burdened with having to prove a defendant's prior felonies under the Class X provision. *People v. Shelton* (4th Dist. 1991), 208 Ill. App. 3d 1094, 1103.

*Harris* was the first reported decision to address the issue of whether the State has a burden of proving a defendant's prior felonies under the Class X provision. (At the time of the *Harris* decision, the Class X provision appeared in the Unified Code as section 5—5—3(c)(7) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(7)).) The *Harris* court held that the State must prove any prior felony convictions beyond a reasonable doubt for a defendant to be sentenced under the Class X provision. (*Harris*, 157 Ill. App. 3d at 74.) As support for its holding, the *Harris* court cited *People v. Casey* (1948), 399 Ill. 374, and *People v. Mason* (1983), 119 Ill. App. 3d 516. Defendants urge this court to follow the decisions of the First and Second Districts, where *Casey* and its progeny have been followed. The State, on the other hand, asserts that *Shelton* expresses the correct view and that *Harris* misapplied *Casey*, in that *Casey* addressed the prosecution's burden of proof under the Habitual Criminal Act (Ill. Rev. Stat. 1947, ch. 38, par. 602), not the Unified Code.

According to *Casey*, a defendant could not be found to be a habitual offender under the Habitual Criminal Act unless the prosecution proved, beyond a reasonable doubt at trial, that the defendant charged with the commission of the substantive offense was the same person named in the conviction records. (*Casey*, 399 Ill. at 378-79.) The court's holding was based on the following reason:

> "In a prosecution under the Habitual Criminal Act, the defendant is clothed with the presumption of innocence and, as has been pointed out, this applies to the fact of his former conviction which, if proved, enhances the pen-

alty. The mere proof of a record containing identity of name with that of the defendant *on trial* is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact." (Emphasis added.) (*Casey*, 399 Ill. at 379-80.)

However, unlike the circumstances in *Casey*, the prior felonies referred to in the Class X provision are not introduced during the trial of the substantive crime; rather, the felonies are introduced at a sentencing hearing as provided for in section 5—4—1 of the Unified Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1).

Defendants direct our attention to *People v. Stewart* (1961), 23 Ill. 2d 161, where the court continued to adhere to its earlier holding in *Casey* even though prior criminal convictions under the Habitual Criminal Act were no longer introduced at trial. The *Stewart* court decided not to change the reasonable doubt standard articulated in *Casey* because "the General Assembly enacted a comprehensive revision of the Habitual Criminal Act, but it made no attempt to alter the rule adopted in the *Casey* case." *Stewart*, 23 Ill. 2d at 164. See Ill. Rev. Stat. 1959, ch. 38, par. 603.3(a) (where the Habitual Criminal Act was revised by the 1957 General Assembly and one of the revisions provided in part that "[a] former conviction of a felony shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of the principal offense").

The circumstances of the Habitual Criminal Act, which were relied upon in *Stewart*, are dissimilar to the circumstances surrounding the Class X provision. At the time *Stewart* was decided, the court had previously construed the Habitual Criminal Act and, afterwards, the legislature comprehensively revised the act without addressing the court's reasonable doubt requirement announced in *Casey*. This court has not previously con-

strued the Class X provision to mean that the State must prove prior felony convictions beyond a reasonable doubt; nor has the legislature revised the Class X provision since its inception into law.

However, defendants point out that the appellate court, in the 1987 *Harris* decision and in subsequent appellate court decisions, has held that the State has such a burden. Meanwhile, the legislature has not amended the Class X provision, but it has amended other sections of the Unified Code. (See, *e.g.*, Pub. Act 86—1327, eff. Sept. 6, 1990 (amending Ill. Rev. Stat. 1989, ch. 38, par. 1003—2—2).) Therefore, defendants contend that "it may be presumed that the legislature has acquiesced in the judiciary's interpretation of the statute, as the interpretation has not evoked an amendment."

In *Bell v. South Cook County Mosquito Abatement District* (1954), 3 Ill. 2d 353, 356, it was stated that "[w]here this court has authoritatively construed a statute and that construction has not evoked amendment of the statute by the General Assembly, it will ordinarily be presumed that the General Assembly has acquiesced in this court's exposition of the legislative intent." Yet, "we do not consider that a legislature's inaction while amending other portions of a statute automatically precludes the judiciary from reexamining a previous interpretation of a statute ***." (*People v. Agnew* (1985), 105 Ill. 2d 275, 280.) Not only has this court not authoritatively construed the Class X provision, but there is a split of authority within the districts of our appellate court on the issue of whether the State must prove prior felonies under the Class X provision. Under these circumstances, it would be irresponsible to decide the issue before us by simply relying upon the absence of corrective legislation. See *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 39-40.

In essence, defendants are asking this court to treat prior felonies under the Class X provision the same way in which prior felonies have been treated under the Habitual Criminal Act. Under the Habitual Criminal Act, a defendant cannot be sentenced to natural life in prison until he is first determined to be a habitual criminal under the Criminal Code of 1961 (Criminal Code). "When a defendant is adjudged a habitual criminal under Article 33B of the Criminal Code of 1961, as amended, the court shall sentence the defendant to a term of natural life imprisonment." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(7).) Section 33B—2 (Ill. Rev. Stat. 1985, ch. 38, par. 33B—2) is, for the most part, devoted entirely to the evidentiary procedures that apply when the State seeks to have a court impose a mandatory life sentence on a defendant. Section 33B—2(a) provides in part that "the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B—1 rendered against the defendant." (Ill. Rev. Stat. 1985, ch. 38, par. 33B—2(a).) Section 33B—2(b) provides in part that "[a] duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B—1 shall be prima facie evidence of such former conviction ***." (Ill. Rev. Stat. 1985, ch. 38, par. 33B—2(b).) Moreover, section 33B—2(c) provides that "[a]ny claim that a *previous conviction offered by the prosecution* is not a former conviction of an offense set forth in Section 33B—1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the *prosecution's proof* shows the existence of such exceptions described in this Act." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 33B—2(c).) The Class X provision of the Unified Code simply provides no comparable evidentiary procedures. A defendant does not have to be

"adjudged" a Class X offender to be sentenced under the Class X provision.

In a further attempt to direct our attention away from the plain language of the Unified Code, defendants contend that the common law of this State requires that prior convictions be proven beyond a reasonable doubt where such convictions operate to enhance the sentence imposed. We fail to see how any of the cases cited by defendants require this court to impose a burden of proof upon the State within the context of a section 5—4—1 sentencing hearing. Each of the authorities cited is distinguishable from the facts raised here and not one case stands for the general proposition that a defendant's prior convictions must be proven beyond a reasonable doubt when his criminal past, considered at a sentencing hearing, operates to elevate the range within which a defendant can be sentenced. The cases cited by defendants include: *People v. Boykin* (1921), 298 Ill. 11, 21 (facts which are necessary to sustain a more severe sentence, including fact of prior conviction, "must be alleged in the information or in the indictment"); *People v. Hightower* (1953), 414 Ill. 537, 544-45 (although the Illinois Uniform Narcotic Drug Act does not so provide, prior convictions must be pled in the indictment); *People v. Ostrand* (1966), 35 Ill. 2d 520, 529 (it was necessary and proper for prosecution to allege prior felony in the indictment and prove it at trial).

To buttress their common law argument, defendants, in their reply brief, quote the following sentence from *Pietruszynski*, 189 Ill. App. 3d at 1079: "Where a statute provides for imposition of an enhanced sentence upon proof of a prior conviction, the burden is on the State to prove the prior conviction beyond a reasonable doubt." However, this so-called Illinois common law principle that was supposedly announced in *Pietruszynski* emanated from *People v. Langdon* (1979), 73 Ill. App. 3d

881. In *Langdon*, the court held that under the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)), the prosecution's admission into evidence *at trial* of a certified copy of conviction was insufficient to prove a prior conviction. (*Langdon*, 73 Ill. App. 3d at 886.) The court reasoned that the prior conviction was an element of the felony offense charged and "[b]ecause the defendant is clothed with the presumption of innocence as to the fact of his former conviction as well any other fact, the seminal case in this area [*Casey*] established that the prior conviction must be proved beyond a reasonable doubt." (*Langdon*, 73 Ill. App. 3d at 884.) Again, *Langdon* is distinguishable from the present case in that the issue raised here is whether the State has any burden of proving prior convictions at a sentencing hearing under the Unified Code, as opposed to any burden of proof it may have at trial.

As to the State's burden of proof at sentencing, defendants cite *People v. Hayes* (1981), 87 Ill. 2d 95. In *Hayes*, the sole issue before the court was whether "it was necessary to allege in the information that the offense charged was 'a second or subsequent offense of retail theft.' " (*Hayes*, 87 Ill. 2d at 96-97.) The court found it unnecessary to make such an allegation to avoid any prejudice to the accused. (*Hayes*, 87 Ill. 2d at 98.) After disposing of the issue presented on appeal, the court went on to find "that in order to invoke the provisions of section 16A—10(2) the sentencing court must find beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused was in fact convicted of a prior offense of retail theft and that the record supports that finding." We have carefully read this opinion and agree with the State that the court's comment as to the findings a sentencing court must make is *dictum*. *People v. Hicks* (1987), 119 Ill. 2d 29, 33 ("in *Palmer* the court explicitly rejected

*Hayes* insofar as *Hayes* may be read as requiring that the prior theft conviction be proved during the sentencing hearing"); *People v. Palmer* (1984), 104 Ill. 2d 340, 348 ("*Hayes* holds only that, where a defendant has notice that she is being tried as a felon, a felony conviction for retail theft can be sustained despite the State's failure to allege in the information that the offense charged was a second or subsequent offense"); see Black's Law Dictionary 409 (5th ed. 1979) (*dictum* is generally a remark by a judge concerning some principle of law which is "not necessarily involved in the case or essential to its determination").

With the exception of *Kennard*, 204 Ill. App. 3d 641, the appellate court opinions that have addressed the burden-of-proof issue under the Class X provision have misapplied *Casey* and simply followed it in lockstep fashion. Although in *Kennard* the court considered the distinguishing facts in *Casey*, it nevertheless found "no conflict between the principle that prior convictions are not elements of the substantive crime and the principle that the State must prove those convictions beyond a reasonable doubt at the sentencing hearing. Indeed, the State's position is untenable because it confuses *when proof of prior convictions must be presented* with *what burden of proof is necessary*." (Emphasis in original.) (*Kennard*, 204 Ill. App. 3d at 659.) Yet, we find the point of *when* prior convictions are introduced, either at sentencing or at trial, to be determinative of any burden of proof the State may have.

The defendants were each given a hearing under section 5—4—1 of the Unified Code before their sentences were imposed. Section 5—4—1 provides in part:

"(a) *** At the hearing the court shall:

(1) consider the evidence, if any, received upon the trial;

(2) consider any presentence reports;

(3) consider evidence and information offered by the parties in aggravation and mitigation;

(4) hear arguments as to sentencing alternatives;

(5) afford the defendant the opportunity to make a statement in his own behalf;

\* \* \*

(b) All sentences shall be imposed by the judge based upon his independent assessment of the elements specified above \*\*\*." Ill. Rev. Stat. 1985, ch. 38, pars. 1005—4—1(a), (b).

We have painstakingly reviewed the sentencing procedures set forth by the legislature in the Unified Code and agree with the State that a section 5—4—1 "sentencing hearing does not speak in terms of, nor does it designate, any burden of proof." There is absolutely no language within the Unified Code that imposes a duty upon the State to prove defendants' prior felonies before a sentence under the Class X provision can be imposed. We are mindful of the fact that defendants who are eligible for a prison term under the Habitual Criminal Act are also sentenced under section 5—4—1 of the Unified Code. However, a defendant cannot be sentenced under the Habitual Criminal Act until he is first "adjudged" a habitual criminal in accordance with the procedures set forth in section 33B—1 of the Criminal Code. As was said earlier in this opinion, no comparable procedures are provided with respect to the Class X provision.

Therefore, to determine whether the State must prove prior felonies under the Class X provision, we need to examine how prior convictions have previously been admitted at sentencing hearings under section 5—4—1 of the Unified Code. Towards this end, we feel it is helpful to briefly review some earlier cases on the introduction of criminal records at sentencing hearings.

In *People v. Popescue* (1931), 345 Ill. 142, two criminal defendants sought to vacate their sentences, claiming

that the trial judge's consideration of evidence as to their participation in a previous crime was prejudicial to their cause. The court, in a case of first impression, addressed the question of whether the strict rules of evidence applicable at trial are likewise applicable at sentencing (see Ill. Rev. Stat. 1929, ch. 38, par. 732) after a defendant has pled guilty to the crime charged. The court explained:

> "[O]n a plea of guilty the remaining 'duty of the court to examine witnesses as to the aggravation and mitigation of the offense' is not a trial in the ordinary sense of the word. The language used in the act makes it obvious that a trial was not intended, for the judge is only required to examine witnesses for the purpose of determining, not guilt or innocence but the degree of punishment which his judgment should express. ***
>
> It is as much for the protection of the accused as it is for the People that after the question of guilt has been admitted by a plea or reached by verdict the judge should know something of the life, family, occupation and record of the person about to be sentenced. One of the most natural and common inquiries is whether the guilty person has ever been previously convicted of the same or similar offense. Courts are usually more lenient in pronouncing sentence upon first offenders. If the judge in making this inquiry has learned of some previous crime which the defendant admits he has committed, can it for that reason be said that the sentence imposed upon the guilty person was due to prejudice and should be set aside? Surely a provision of the law which often results in mercy and leniency toward a first offender cannot be the cause of error in every case where the trial judge, in making this inquiry, finds that the defendant has committed other crimes of similar character. Such a construction would mean that hardened criminals and so-called 're-peaters' could hide behind their crime records, and that a judge, before pronouncing sentence upon them, would be powerless to inquire into their past records." *Popescue*, 345 Ill. at 151-53.

In many cases decided after *Popescue*, the court often found that evidence of a defendant's previous criminal convictions was properly considered under earlier laws concerning hearings in aggravation and mitigation. See Ill. Ann. Stat., ch. 38, par. 1005—4—1, Historical Note, at 277-78 (Smith-Hurd 1982) (listing Illinois laws prior to section 5—4—1); *People v. Serrielle* (1933), 354 Ill. 182, .188 (court would not reverse where State's Attorney testified, without objection, as to defendant's criminal record); *People v. Riley* (1941), 376 Ill. 364, 372 (no prejudice found where State's Attorney read the criminal record of defendants and "[t]he defendants were in court and neither in person nor by counsel questioned or denied any part of their previous record"); *People v. Seger* (1950), 405 Ill. 222, 231 (written alienist report containing defendants' prior convictions was relevant and properly admitted at hearing); *People v. Rummerfield* (1954), 4 Ill. 2d 29, 31 (assistant State's Attorney's testimony as to defendant's criminal record was proper where the court, in determining the degree of punishment, "may consider many matters not admissible on the issue of guilt or innocence, and one of the most common and proper inquiries is whether the guilty person has committed previous offenses"); *People v. Faulkner* (1957), 12 Ill. 2d 176, 183-84 (court properly considered testimony of prosecuting attorney as to defendant's prior convictions where defendant did not object and "the court [was] not bound by the usual rules of evidence found in criminal prosecutions"); *People v. Bradford* (1961), 23 Ill. 2d 30, 34 (informal presentation of defendant's out-of-State crimes through testimony of assistant State's Attorney was not prejudicial); *People v. Mann* (1963), 27 Ill. 2d 135, 139 (although introduction of defendant's prior drug dealings was through testimony of assistant State's Attorney, court is not bound by usual rules of ev-

idence and "may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense"); *People v. Deweese* (1963), 27 Ill. 2d 332, 335-36 (admission of defendant's prior convictions through records was not erroneous).

In *People v. O'Neil* (1960), 18 Ill. 2d 461, the court considered the issue of whether error had been committed in a hearing in aggravation and mitigation when it allowed, over defendant's objection, testimony from the State's Attorney as to defendant's prior convictions. The defendant contended that the court should have required formal proof of his previous convictions. The court held "it is incumbent upon the court to use care in determining the accuracy of the statements, [citation] and it appears that such requirement was met in the present case. *** Although he might have required certified copies of the various convictions, we are not prepared to say that the failure to do so constituted reversible error, especially in view of the fact that the accuracy of the statement is not materially denied." *O'Neil*, 18 Ill. 2d at 466.

Defendants in the instant case present much the same argument as the defendant in *O'Neil*. Defendants contend that instead of presentence reports or "rap sheets," "the State must present, at the very least, certified statements listing both the date of commission and the date of conviction of the prior offenses." Defendants maintain that certified statements are required because the prosecution bears the burden of proving their prior convictions beyond a reasonable doubt. Also, like the defendant in *O'Neil*, defendants do not contend that the commission dates of their prior convictions are not as the courts inferred them to be when they were sentenced under the Class X provision.

Defendants' prior criminal records were evidenced by a presentence report and the Class X provision of the

Unified Code does not require more formal proof. According to section 5—3—1, "[a] defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—3—1.) The purpose of a presentence report is to collect all the necessary information for the trial judge before sentence is imposed. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 564.) "It is the duty of the probation officer to prepare a presentence report consistent with the directives of the statute" (*People v. Meeks* (1980), 81 Ill. 2d 524, 533), and one of the directives provides that the report shall contain a defendant's criminal history (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—3—2(a)(1)).

Defendants, citing *In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068, contend that evidence of their prior convictions should not be admitted through presentence reports alone because "[i]n accordance with due process of law it is incumbent upon the State to prove beyond a reasonable doubt all material and essential facts constituting the offense even if proven at sentencing rather than trial." The State, on the other hand, has directed our attention to a more recent Supreme Court opinion, *McMillan v. Pennsylvania* (1986), 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411.

In *McMillan*, the Court considered whether a Pennsylvania sentencing statute was violative of due process. Under the terms of the statute, if a judge found, by a preponderance of the evidence, that a defendant "visibly possessed a firearm" during the commission of a crime, the judge is required to impose a sentence of at least five years in prison; however, he is not authorized to impose a sentence greater than the maximum permitted for the substantive offense. The petitioners contended that proving possession of a firearm by a preponderance of the evidence did not satisfy their right of due process.

The Court rejected their contention noting that "[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all. [Citation.] Pennsylvania has deemed a particular fact relevant and prescribed a particular burden of proof. We see nothing in Pennsylvania's scheme that would warrant constitutionalizing burdens of proof at sentencing." *McMillan*, 477 U.S. at 91-92, 91 L. Ed. 2d at 80, 106 S. Ct. at 2419.

Defendants, in their reply brief, contend that the Class X provision is critically different from the Pennsylvania statute considered in *McMillan* because, rather than simply increasing the minimum punishment, the Class X provision elevates the sentencing range from a Class 1 or 2 to a Class X. Nevertheless, we do not find that the severity of the punishment prescribed by the Class X provision requires a defendant's prior felony convictions be proven beyond a reasonable doubt. See *People v. Brisbon* (1989), 129 Ill. 2d 200, 218 (even in the context of the second phase of a death penalty hearing, evidence is admissible so long as it is relevant and reliable).

We believe *People v. Adkins* (1968), 41 Ill. 2d 297, is particularly instructive here. In *Adkins*, a defendant maintained that the admission of a presentence report showing his criminal record violated his constitutional right of due process. The court cited with approval a Supreme Court decision in which a defendant similarly claimed that his due process rights were violated when a sentencing court considered evidence obtained through the court's probation department. The *Adkins* court explained that Illinois has been in accord with the rule expressed by the Supreme Court:

" 'Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations. But both before and since the American colonies

became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. *** A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.' " *Adkins*, 41 Ill. 2d at 300, quoting *Williams v. New York* (1949), 337 U.S. 241, 246-47, 93 L. Ed. 1337, 1341-42, 69 S. Ct. 1079, 1082-83.

Long ago in *Popescue*, 345 Ill. 142, it was recognized that the rules of evidence that govern the guilt or innocence phase of a trial are not applicable at sentencing. Instead, a sentencing judge is given broad discretionary power to consider various sources and types of information so that he can make a sentencing determination within the parameters outlined by the legislature. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 496.) Evidence is admissible in a sentencing hearing provided the proffered evidence is relevant and reliable. (*People v. Free* (1983), 94 Ill. 2d 378, 422-23, citing *La Pointe*, 88 Ill. 2d at 498.) A sentencing judge " 'must exercise care to insure the accuracy of information considered and to shield itself from what might be the prejudicial effect of improper materials.' " *La Pointe*, 88 Ill. 2d at 494-95, quoting *Adkins*, 41 Ill. 2d at 300.

A variety of documents containing a defendant's criminal history has been found to be properly relied

upon at sentencing. (*People v. Dennis* (1970), 47 Ill. 2d 120, 134-35 (prior convictions contained in "rap sheets," "though hearsay, may nonetheless be considered during the hearing in aggravation and mitigation, where strict evidentiary rules are not applicable"); *People v. Chandler* (1980), 88 Ill. App. 3d 644, 652 (criminal record evidenced by a presentence report which contained an FBI report was properly considered); *People v. Thompson* (1971), 133 Ill. App. 2d 184, 190 (hearing in aggravation and mitigation was proper where prior convictions were noted in an FBI sheet and read into the record); see also Annot., 96 A.L.R.2d 768, 796-808 (1964); 96 A.L.R.2d §10, Later Case Service (1983).) A presentence report, like the one in each case here, is generally a reliable source for the purpose of inquiring into a defendant's criminal history. See, *e.g., People v. Jones* (1982), 94 Ill. 2d 275, 288; *People v. Powell* (1990), 199 Ill. App. 3d 291, 294.

Defendants contend that a sentencing court, when it considers prior convictions for the purpose of imposing a sentence under the Class X provision, should not rely upon the relaxed standards announced in *La Pointe*; the court should instead require the State to prove the prior convictions beyond a reasonable doubt. Defendants maintain that the relaxed evidentiary principles which generally govern a sentencing hearing should not apply because: (1) the Class X provision is a counterpart to the Habitual Criminal Act; (2) a Class X sentence is mandatory, whereas a judge has discretion to impose a more severe sentence when aggravating factors are present; (3) prior felonies under the Class X provision should not be treated as aggravating factors because the provision appears in the "Disposition" section of the Unified Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3) and not within the section entitled "Factors in Aggravation" (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2); and (4) prior

felony convictions when considered under the Class X provision operate to increase the entire sentencing classification through the imposition of a Class X sentence.

We find all of the above arguments to be insufficient to the extent that this court should depart from the evidentiary guidelines announced in *La Pointe*. While not an aggravating factor under the Unified Code, defendants' criminal records were nevertheless admitted in a hearing in aggravation and mitigation. The fact that a judge finds a defendant eligible for a sentence under the Class X provision does not somehow result in the imposition of a higher standard of proof akin to the degree of proof that exists at trial. "In Illinois *** we have long held that the judge in determining the character and extent of punishment is not limited to considering only information which would be admissible under the adversary circumstances of a trial." (*Adkins*, 41 Ill. 2d at 300.) Section 5—4—1 "[s]ets out procedures for the sentencing hearing ***." (Ill. Ann. Stat., ch. 38, par. 1005—4—1, Council Commentary, at 276 (Smith-Hurd 1982).) According to those procedures, a defendant's criminal history is brought to the judge's attention through the introduction of a presentence report. Ill. Rev. Stat. 1985, ch. 38, pars. 1005—3—2(a)(1), 1005—4—1(a)(2).

Defendants assert that "[presentence] reports are less likely to be strictly accurate" than certified copies of conviction and requiring the State to furnish such certified copies will not be unduly burdensome. In *People v. Davis* (1976), 65 Ill. 2d 157, the court sanctioned the use of judicial notice in recognizing an earlier conviction at a probation revocation hearing. The court explained that "an inflexible rule requiring formal proof of earlier court records only by authenticated or certified copies of those records and proof of identity [is] incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such

procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied." (*Davis*, 65 Ill. 2d at 164.) Similarly, we find the use of certified copies of conviction in place of presentence reports to be a useless requirement and a needless waste of time where, as here, defendants never once claimed at sentencing that their criminal record did not make them eligible for a sentence under the Class X provision.

Essentially, defendants contend that the presentence reports were deficient for the purpose of imposing a Class X sentence because the commission dates of their prior felonies were not listed in the report. Any claimed deficiency or inaccuracy within a presentence report must first be brought to the attention of the sentencing court, and a failure to do so results in waiver of the issue on review. (*People v. Madej* (1985), 106 Ill. 2d 201, 212; *People v. Gacy* (1984), 103 Ill. 2d 1, 107; *Meeks*, 81 Ill. 2d at 533; *People v. Andrus* (1991), 210 Ill. App. 3d 878, 881; *People v. Markovich* (1990), 195 Ill. App. 3d 999, 1006; *People v. Barfield* (1989), 187 Ill. App. 3d 190, 206; *People v. Stewart* (1989), 186 Ill. App. 3d 833, 837-38; *People v. Sargent* (1989), 184 Ill. App. 3d 1016, 1028.) Every defendant in the cases before us neglected to notify the sentencing court that he believed the presentence report was deficient because the report failed to include the dates upon which the felonies were committed.

Not only does the record in each case show that no objection was made as to the deficiencies within the presentence reports, but in three cases, defense counsel conceded that his client was eligible for a Class X sentence.

In cause No. 70253, the following colloquy occurred at sentencing:

"[THE COURT]: And as the State's Attorney has indicated, the defendant also qualifies for Class X time under section 38 1005—5—3

MR. BROGAN [Assistant State's Attorney]: Eight.

* * *

[THE COURT]: Is there anyone that disagrees with that finding?

MR. LIEBERMAN [Defense attorney]: No, Judge."

In cause No. 70486, defense counsel made the following remark after the State had argued that the defendant should be sentenced under the Class X provision:

"MR. WHITE [Defense attorney]: Thank you, Your Honor. As was alluded to or stated that Class X sentencing provisions are eligible for Louis Hamilton because he does stand convicted of residential burglary, we know that's six to thirty. *** The minimum the Court can give is six years. That is the law and nobody would stand here and say he shouldn't be punished."

In cause No. 70565, the following colloquy occurred at sentencing:

"[Assistant State's Attorney]: He's again before this Court charged with a Class 2 felony. The fact is this is his third Class 2 felony makes him eligible to be sentenced as a Class X offender today.

* * *

"MR. FAYE [Defense attorney]: ***

The legislature has taken the discretion out of your hands, requires my client be sentenced as a Class X offender."

Defendants cite *Meeks*, claiming that "where the [presentence report] is insufficient, the State should have a duty to bring the insufficiency of the [presentence report] to the trial court's attention, since it is the party seeking a Class X sentence." Defendants' reliance on *Meeks* in this regard is misplaced, because the party who carries the burden of bringing any deficiency within a

presentence report to the attention of the trial court is the complaining party. The State has never objected to the sufficiency of the presentence reports. Rather, defendants have, and their failure to object to the sufficiency of the reports at the sentencing hearing results in waiver of the issue on review. No purpose would be served by giving the parties notice of the presentence reports at least three days prior to the imposition of sentence (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—4(b)(2)) if we were to permit them to later raise objections to the presentence reports for the first time on appeal.

Because none of the cases will be remanded for resentencing, this court need not decide whether double jeopardy prohibits the defendants from being resentenced as Class X offenders.

For the reasons given, four of the appellate court judgments are affirmed. One appellate court judgment, No. 70486, is affirmed in part and reversed in part, the circuit court judgment is affirmed in part and reversed in part, and the cause is remanded to the circuit court of Winnebago County with instructions to revise the restitution order in accordance with the appellate court mandate.

No. 70253—Affirmed.
No. 70302—Affirmed.
No. 70486—Appellate court affirmed
in part and reversed in part;
circuit court affirmed in part
and reversed in part;
cause remanded.
No. 70538—Affirmed.
No. 70565—Affirmed.

JUSTICE FREEMAN took no part in the consideration or decision of this case.