THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD GREGORY, Defendant-Appellant.

First District (2nd Division)   No. 1—91—1003

Opinion filed June 8, 1993.

---

Rita A. Fry, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore F. Burtzos, William D. Carroll, and Susan Schierl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

The facts in this case are virtually undisputed. The complainant, R.G., was leaving a friend's home, located at 2222 South State Street in Chicago, at about 11:30 p.m., on January 24, 1989, when defendant approached her in the lobby put a knife to her neck, and cut her upper lip. Defendant then forced her into apartment 207 and ordered her to disrobe, threatening to kill her if she did not comply. Defendant then removed his clothes and, without R.G.'s consent, penetrated her vagina with his penis three separate times.

After defendant had finished sexually assaulting R.G., she left the apartment, ran to an adjacent building and told some men standing outside that she had been raped by defendant, whom they immediately subdued. Ultimately, Chicago police officer Vidal Vasquez arrived on the scene, and after R.G. identified defendant as her attacker, he placed him under arrest and recovered the knife from the apartment where the assault had occurred.

The jury found defendant guilty of aggravated criminal sexual assault and aggravated unlawful restraint. The trial court merged

the two offenses and entered judgment on one count of aggravated criminal sexual assault.

At the sentencing hearing, the State sought to have defendant sentenced as an habitual criminal under the Habitual Criminal Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 33B—1 *et seq.*). In support of its petition, the State presented the testimony of Assistant State's Attorney Henry Simmons, who identified defendant and testified that he was convicted of the Class X felony of rape on January 7, 1985, for which he was sentenced to a term of eight years in the custody of the Illinois Department of Corrections. The State also proffered a certified copy of that conviction. The prosecution next presented a certified copy of another conviction which indicated that "Donald Gregory" was convicted of the Class X felony of rape on October 21, 1981, for which he was sentenced to a term of six years in the custody of the Illinois Department of Corrections.

Based on this evidence, the State argued that because defendant had been convicted of three Class X felonies within a 20-year period, he should be sentenced to a term of life imprisonment under the Act. Defendant responded that he should not be sentenced as an habitual criminal since the State had failed to establish that he was the same "Donald Gregory" as the one who was convicted of rape in 1981. The trial court rejected defendant's assertion, holding that "by bringing up the certified copy [of conviction] it's presumed to be the defendant unless evidence is introduced to the contrary." Accordingly, the court sentenced defendant to a term of natural life in the custody of the Illinois Department of Corrections. Defendant appeals his sentence only.

## I

■ As the State argued at the sentencing hearing, the Act provides for the imposition of a term of life imprisonment upon defendants who are convicted of three Class X felonies within a 20-year period. (Ill. Rev. Stat. 1991, ch. 38, par. 33B—1; *People v. Walker* (1992), 228 Ill. App. 3d 76, 85, 592 N.E.2d 1, 7, *appeal denied* (1992), 146 Ill. 2d 649, 602 N.E.2d 473.) The defendant may be sentenced pursuant to the provisions of the Act only if the following elements are established: (1) that "the third offense was committed after the effective date of [the] Act"; (2) that "the third offense was committed within 20 years of the date that judgment was entered upon the first conviction"; (3) that "the third offense was committed after conviction on the second offense"; and (4) that "the second offense was committed after conviction on the first offense." Ill. Rev. Stat. 1991, ch. 38, par. 33B—1(d); *People v. Walton* (1992), 240 Ill. App. 3d 49, 57.

## II

We first address the State's challenge to the rule that it bears the burden of proving beyond a reasonable doubt all of the material allegations in its petition to sentence a defendant as an habitual criminal under the Act. In *People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812, our supreme court, in interpreting a prior habitual criminal statute (Ill. Rev. Stat. 1947, ch. 38, par. 602), held that the State must establish beyond a reasonable doubt all of the allegations in its petition in order to sentence a defendant as an habitual criminal. (*Casey,* 399 Ill. at 378-79, 77 N.E.2d at 815.) Since then, we have invariably followed the reasoning of *Casey* and have held the State to that burden of proof. *Walker,* 228 Ill. App. 3d at 85, 592 N.E.2d at 7; *People v. Davis* (1990), 205 Ill. App. 3d 865, 872, 563 N.E.2d 869, 873; *People v. Mays* (1988), 176 Ill. App. 3d 1027, 1042, 532 N.E.2d 843, 852, *appeal denied* (1989), 127 Ill. 2d 631, 545 N.E.2d 123; *People v. Mason* (1983), 119 Ill. App. 3d 516, 522, 456 N.E.2d 864, 867-68; *People v. Langdon* (1979), 73 Ill. App. 3d 881, 884, 392 N.E.2d 142, 144.

In *People v. Williams* (1992), 149 Ill. 2d 467, 599 N.E.2d 913, however, our supreme court held that under the Class X sentencing provision (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8)),[1] which authorizes enhanced sentencing similar to that contained in the Act, the State does not bear the burden of establishing beyond a reasonable doubt the elements required to qualify a defendant for such sentencing. Therefore, the State asserts, we should apply the reasoning of *Williams* and hold that the State is no longer required to prove beyond a reasonable doubt the elements of its petition under the Act.

■ We recently had occasion to visit this precise issue in *People v. Walton* (1992), 240 Ill. App. 3d 49, where we stated:

"Defendant claims that the State must prove the prerequisites of the Act beyond a reasonable doubt. The Illinois Supreme Court reached a contrary conclusion regarding the Class X sentencing statute (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(8)) in *People v.*

---

[1]Section 5—5—3(c)(8) states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8).

*Williams* (1992), 149 Ill. 2d 467, 599 N.E.2d 913, but distinguished the Class X provision from the Act. Citing *People v. Stewart* (1961), 23 Ill. 2d 161, 177 N.E.2d 237, the *Williams* court noted that the circumstances of the Act are dissimilar to the circumstances surrounding the Class X provision. The *Williams* court further stated that the Act has been construed as requiring the reasonable doubt standard to prove a defendant's prior convictions, and when the legislature revised the Act it made no attempt to alter the higher standard of proof. The supreme court has not previously construed the Class X provision to mean that the State is required to prove defendant's prior convictions beyond a reasonable doubt. (*Williams,* 149 Ill. 2d at 478-79[, 599 N.E.2d at 918].) The supreme court further distinguished the Class X provision from the Act based on the fact that the Act consists of evidentiary procedures which the State is required to follow when it seeks to have the court sentence a defendant as an habitual criminal. (See Ill. Rev. Stat. 1985, ch. 38, par. 33B—2; *Williams,* 149 Ill. 2d at 480[, 599 N.E.2d at 919].) We, thus, conclude that the State is required to prove defendant's prior felony convictions beyond a reasonable doubt when seeking the imposition of a life sentence under the Act." *(Walton,* 240 Ill. App. 3d at 58-59.)

For the reasons stated therein, we opt to follow *Walton;* accordingly, we hold that the State must still prove beyond a reasonable doubt all of the allegations required by the Act.

### III

Defendant urges as its sole assignment of error that the State failed to prove beyond a reasonable doubt that he is the same person as the "Donald Gregory" named in the certified copy of the 1981 rape conviction. In *Casey,* our supreme court held that "[t]he mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact." (*Casey,* 399 Ill. at 380, 77 N.E.2d at 815; accord *People v. Stewart* (1961), 23 Ill. 2d 161, 164; see *Langdon,* 73 Ill. App. 3d at 885, 392 N.E.2d at 144 (applying same rule to current Act).) The court reached this conclusion despite the fact that the habitual criminal statute in effect at that time stated, as the Act today similarly provides, that "a duly authenticated copy of the record of a former conviction and judgment of any court of record *** shall be prima facie evidence of such former conviction." Ill. Rev. Stat. 1947, ch. 38, par. 603.[2]

In *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, however,

---

[2]Section 33B—2(b) of the current Act provides that "[a] duly authenti-

our supreme court overruled that portion of *Casey* which held that the mere introduction of a certified copy of a prior conviction of a person with a name identical to the defendant's was insufficient to satisfy the State's burden of proof. It reasoned:

" 'Earlier cases in this court would appear to preclude a judge from taking judicial notice of the orders or decrees entered in other cases in the court in which he presides. [Citations.] It has been repeatedly held that proof of prior convictions should be by means of certified copies of the record and identification of the defendant in the prior case as the same person. [Citations.] To the extent that these and similar holdings may be thought to create an inflexible rule requiring formal proof of earlier court records *only* by authenticated *or* certified copies of those records and proof of identity, they are incompatible with considerations of judicial economy and efficiency essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary *or* useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied.' "

(*Davis*, 95 Ill. 2d at 31, 447 N.E.2d at 367, quoting *People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795-96.)

Accordingly, the court adopted the general rule that "identity of name gives rise to a rebuttable presumption of identity of person." *Davis*, 95 Ill. 2d at 31, 447 N.E.2d at 368.

It is clear then that *Davis* explicitly rejected the rule espoused in *Casey* that the State must do more than offer a ·certified copy of conviction in order to establish beyond a reasonable doubt that the · defendant was convicted of the prior felony. (See *People v. Kennard* (1990), 204 Ill. App. 3d 641, 657, 561 N.E.2d 1188, 1198 ("The supreme court has overruled that portion of *Casey* which held that the State's offer of certified copies of the defendant's prior convictions, without more, was insufficient to establish that defendant was the same person named therein").) Accordingly, we hold that the State's introduction of a certified copy of a prior conviction of a felony containing a name identical to that of the defendant raises a rebuttable presumption that the defendant was convicted of that prior felony; and where the defendant offers no evidence to rebut that presumption, the certified copy of the conviction is alone sufficient to satisfy the State's burden of proof on the issue of identity. *Davis*, 95 Ill. 2d at 31, 447 N.E.2d at 368.

It is true that we have stated subsequent to *Davis* that "[c]ertified

cated copy of the record of any alleged former conviction of an offense set forth in Section 33B—1 shall be prima facie evidence of such former conviction ***." Ill. Rev. Stat. 1991, ch. 38, par. 33B—2(b).

copies of conviction statements demonstrating [a] defendant's criminal record are *prima facie* evidence of that record, but are not alone adequate to meet the burden of proof." (See *Walker,* 228 Ill. App. 3d at 85, 592 N.E.2d at 7; *People v. Gill* (1988), 169 Ill. App. 3d 1049, 1057, 523 N.E.2d 1239, 1244, *appeal denied* (1988), 122 Ill. 2d 584, 530 N.E.2d 255.) While we may have stated the rule too broadly in *Walker* and *Gill,* a careful reading of both cases discloses that its application nevertheless led to results strictly in conformity with the requirements of *Davis,* for although the State was not required, under that case, to do any more than present a *prima facie* case, it proved beyond a reasonable doubt, by producing the proper documentary evidence *and* witnesses, the identity of the defendants.

Therefore, applying the general rule to the case at bar, we hold that the State has satisfied its burden of proof, for its introduction of a certified copy of a conviction stating that "Donald Gregory" was convicted of rape in 1981 raised a rebuttable presumption that defendant was in fact the one who had been convicted of that Class X offense; and since he offered no evidence to rebut that presumption, we find that the State sufficiently established beyond a reasonable doubt that defendant was convicted of a Class X felony in 1981.

Accordingly, we affirm the defendant's enhanced sentence, pursuant to the Act, of natural life in the custody of the Illinois Department of Corrections.[3]

Affirmed.

McCORMICK, P.J., and DiVITO, J., concur.

---

[3]Because of this result, we of course do not reach the question, raised by the State, of whether double jeopardy would preclude defendant from being resentenced as an habitual criminal in the event that we were to reverse his sentence.