THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRI BROWN, Defendant-Appellant.

Second District   No. 2—87—0226

Opinion filed April 6, 1990.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

This case comes before us for the second time. The defendant's first appeal to this court was dismissed because she did not make a motion pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) to withdraw her guilty pleas to the Class 4 felony offense of driving under the influence of alcohol (involved in an accident resulting in great bodily harm) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501(e)) and the Class A misdemeanor offense of leaving the scene of a motor vehicle accident involving personal injuries (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—401(a), (c)). Two other misdemeanor counts of driving under the influence (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 11—501(a)(1), (a)(2)) were nol-prossed as lesser-included offenses.

The factual basis for the pleas presented by the prosecution showed that in Woodridge, Illinois, on October 9, 1986, Mary Grace was driving a car, in an eastbound lane, waiting to make a left turn. A car, driven by the defendant, headed westbound, crossed over an eight-foot wide median strip into the eastbound lanes, and struck Grace's car on the driver's-side door, spinning the Grace car around. Grace sustained a fractured vertebrae, a fractured pelvis and whiplash. Her infant son, also inside the car, was unhurt. After the collision, the defendant drove across the road through a parking lot and then on to her apartment. She was found thereafter in her apartment by the police, who detected a strong odor of alcohol on her breath. Her eyes were bloodshot and glassy, and she had difficulty walking. She admitted having had a drink in the morning. After failing a number of agility tests, she underwent a breathalyzer examination which indicated she had a blood-alcohol level of .37.

Following her guilty pleas in the instant cause, the defendant was sentenced on the felony DUI conviction to 30 months' probation, the conditions of which included, *inter alia*, six months in the Du Page County jail and a $500 fine. On the misdemeanor leaving-the-scene-of-an-accident conviction, she was sentenced to a one-year term of probation, a condition of which was a six-month term in the Du Page County jail, such jail term "to be served at the conclusion of the term

of incarceration" imposed on the felony DUI conviction. The defendant moved the court to reconsider these sentences, asserting the terms of incarceration constituted consecutive terms of imprisonment within the meaning of section 5—8—4 of the Unified Code of Corrections (Code of Corrections) and were improper because the offenses were part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a).) The court denied that motion, and the defendant's subsequent appeal, as noted above, was dismissed.

The Illinois Supreme Court initially denied the defendant's petition for leave to appeal from our dismissal. It later granted her motion for reconsideration, vacated the denial and allowed leave to appeal. In the exercise of its supervisory jurisdiction, the supreme court remanded the cause to us for further consideration in light of the its modified opinion in *People v. Wilk* (1988), 124 Ill. 2d 93.

In *Wilk,* the supreme court affirmed the dismissals of the direct appeals in two cases in which the respective defendants claimed ineffective assistance of counsel due to counsel's failure to comply with Supreme Court Rule 604(d). (107 Ill. 2d R. 604(d).) The supreme court emphatically reaffirmed the necessity of compliance with Rule 604(d) before taking a direct appeal. In light of the defendants' noncompliance with Rule 604(d) in the causes before it, it suggested the defendants' proper avenue of relief was by way of post-conviction petition. In the two other cases involved in *Wilk,* the supreme court reversed and remanded the causes for review of the respective sentences imposed where each of the defendants, although not challenging his guilty plea, appealed the trial court's denial of his motion to reconsider his sentence which was filed prior to filing the notice of appeal. Inasmuch as those defendants were not appealing their guilty pleas, the supreme court stated it was not necessary for them to file a Rule 604(d) motion.

In her reinstated appeal which we now consider, the defendant contends the consecutive sentences imposed are improper (1) where the offenses were part of a single course of conduct during which there was no substantial change in the nature of the criminal objective and (2) because she was not admonished that consecutive sentences were a possibility prior to entering her guilty plea. She further contends the sentences should be reversed and the cause remanded because the court misapprehended the statutory provision governing good behavior allowances in setting the length of the jail sentences.

■ The State concedes the latter issue, noting the record shows

the court believed the defendant would receive a day-for-day good behavior allowance for each of the six-month terms and that the maximum time she would be incarcerated would be a total of six months. The court was mistaken, however. Good behavior allowance is not applicable to a defendant "who inflicted physical harm upon another person in committing the offense for which [she] is confined." (Ill. Rev. Stat., 1986 Supp., ch. 75, par. 32.) Defendant's conduct inflicted serious physical harm on Mary Grace, and, therefore, she would be excepted from the good behavior allowance. See *People v. Wenkus* (1988), 171 Ill. App. 3d 1064.

The record shows the court intended that the defendant be incarcerated for a maximum of six months. By virtue of section 3 of the County Jail Good Behavior Allowance Act, however, the defendant will be incarcerated—assuming good behavior—a total of nine months. (Ill. Rev. Stat., 1986 Supp., ch. 75, par. 32.) Accordingly, we agree with the defendant and the State that vacation of the defendant's sentences and remand for resentencing are warranted.

Because it may arise on remand, we proceed to address one of the remaining issues raised by the defendant. She contends the two six-month periods of incarceration imposed were improper consecutive sentences under section 5—8—4(a) of the Code of Corrections. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4(a).) The State argues the instant terms of incarceration were conditions of probation, not sentences of imprisonment, and, therefore, they are not subject to the provisions of section 5—8—4 of the Code of Corrections.

We agree the two six-month periods of incarceration are conditions of the defendant's terms of probation. However, section 5—6—2 of the Code of Corrections provides that "[m]ultiple terms of probation imposed at the same time shall run concurrently," and section 5—6—3(d) of the Code of Corrections prohibits as a condition of probation a period of imprisonment in excess of six months. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—2(b), 1005—6—3(d).) This court has previously been led to the natural and logical conclusion that conditions of multiple sentences of probation are to be served concurrently as well. (*People v. Tedford* (1983), 112 Ill. App. 3d 603, 605-06.) Accordingly, the periods of incarceration imposed on the defendant as conditions of her terms of probation were improperly ordered to be served consecutively.

In light of the above discussion, it is unnecessary for us to consider the defendant's remaining contention that the consecutive sentences were improper because she was not admonished as to the possibility of such sentences before she pleaded guilty. Moreover, we view

her argument as to this latter issue as an untimely and improper challenge to the voluntariness of her guilty pleas.

For the reasons above, the defendant's sentences of probation and the attendant terms of incarceration are vacated, and the cause is remanded for resentencing consistent with this opinion.

Judgments of conviction affirmed; sentences vacated and cause remanded.

REINHARD and INGLIS, JJ., concur.