THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES C. GOODWIN, Defendant-Appellant.

Third District No. 3—90—0309

Opinion filed February 19, 1991.—Modified opinion filed February 28, 1991.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, James C. Goodwin, entered a partially negotiated plea of guilty to a charge of aggravated criminal sexual assault (Ill. Rev.

Stat. 1989, ch. 38, par. 12—14(b)(1)). In return for the plea, the State agreed that it would not recommend a prison term of more than 20 years. The trial court subsequently sentenced the defendant to serve 20 years in prison. The defendant appeals.

The factual basis for the defendant's guilty plea established that nine-year-old W.W. would testify that he visited the defendant at his apartment numerous times in the fall of 1989. During some of those visits, the defendant offered him money and candy in exchange for oral sex. In all, the defendant had the victim perform fellatio on him approximately 20 times. The defendant admitted to the police that he had had the victim perform approximately 10 acts of oral sex on him in exchange for money and gifts.

The presentence report showed that the 33-year-old defendant had no prior criminal history, except for two minor traffic offenses. The defendant had attended special education classes in both elementary and high school. After receiving a GED certificate in 1979, the defendant attended classes at a community college. A 1986 psychological evaluation indicated that his full-scale IQ of 77 placed him in the borderline mentally retarded range. The evaluation also indicated that the defendant had a very negative self-concept and was suffering from a depressed type of psychoneurosis and a personality disorder. The defendant's employment history showed that he had recently held a job driving a cab and a job at a gas station. It also showed that since 1985, he had collected social security disability payments because of a back injury.

At the sentencing hearing, Officer John Malone testified that eight-year-old R.F. told him that he and the defendant had had oral sex with one another about 20 times. In return for the sexual acts, the defendant gave R.F. gifts and candy.

Malone further testified that the defendant admitted that he had had oral sex with the victim. According to Malone, the defendant told him that his illicit sexual behavior began 10 months earlier when 15-year-old D.C. asked him if he had ever had oral sex. Thereafter, the defendant twice engaged in oral sex with D.C. D.C. eventually introduced the defendant to B.H., R.F., and J.F. The defendant had oral sex with R.F. more than 30 times and with six-year-old J.F. more than 20 times. He also had oral sex with nine-year-old B.H. The defendant gave the boys money, candy, and toys in exchange for the sex.

The defendant testified that he was remorseful and that it would not happen again. He also stated that he had been planning to sign himself into a mental health treatment program on the morning of his arrest.

In sentencing the defendant to 20 years in prison, the trial court expressly noted that it was considering the information in the presen-

tence report, the evidence presented at the sentencing hearing, the arguments presented by counsel, the statements made by the defendant on his own behalf, and the applicable aggravating and mitigating factors. The court further noted that the sentence was necessary to deter others and that it was not unlikely that the defendant would again commit the same type of crime. The defendant later filed a motion to reconsider, which the court denied.

On appeal, the defendant contends that the trial court erred in sentencing him to serve 20 years in prison in view of his background and the nature of the offense.

■■ We note that aggravated criminal sexual assault is punishable by a term of imprisonment ranging from 6 to 30 years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3).) Further, sentencing is a matter of judicial discretion and, absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed. (*People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384.) When mitigating factors are before the court, it is presumed the court considered the mitigating circumstances, and there is no requirement that the trial judge recite and assign a value to each factor presented. *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.

■■ In the instant case, the trial court specifically noted that it was considering the presentence report and the evidence presented. Nothing in the record indicates that the court failed to consider the mitigating evidence. Further, the court noted that the sentence was necessary to deter others and that it was not unlikely that the defendant's behavior would reoccur. Moreover, we note that the record reveals that the defendant committed numerous acts of sexual molestation on several other children besides the victim in the instant case. We also note that the defendant received a sentence well within the permissible range for the offense. Accordingly, we find that under the circumstances the court did not abuse its discretion when it sentenced him to serve 20 years' imprisonment.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.