THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD SIMS, Defendant-Appellant.

Third District   No. 3—90—0528

Opinion filed August 28, 1992.

KNECHT, J., specially concurring.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Elizabeth A. Klug, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant Ronald Sims was convicted by the circuit court of Knox County of one count of aggravated battery and sentenced to two years of imprisonment. Defendant appeals his sentence, alleging the trial judge failed to realize a consecutive term of probation was a possible disposition for his offense or erroneously believed a sentence of probation would not be punishment for the offense. We disagree and affirm.

A Knox County information charged defendant with two counts of aggravated battery, alleging defendant struck correctional officer George Walter and pushed correctional officer Russell Gibbs. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(6).) The information was su-

perseded by a two-count bill of indictment. During the bench trial the court dismissed count II, the alleged aggravated battery against Officer Gibbs, and later found defendant guilty of aggravated battery on the remaining count.

Defendant's motion for new trial argued aggravated battery was not proved beyond a reasonable doubt and that the court erred in denying his motion for a directed verdict. The motion for new trial was denied. At the sentencing hearing the court discussed whether defendant's offense was probationable, since defendant was already in the Department of Corrections serving three concurrent Cook County sentences. At the court's suggestion, the court and both counsel reviewed the law during a brief recess. Defense counsel then changed his sentencing recommendation from two years in the Department of Corrections to a term of probation and conditional discharge. The State maintained its recommendation for five years in the Department of Corrections. The court imposed a sentence of two years of imprisonment to be served as a consecutive term as required in section 5—8—4(f) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f)).

The State argues defendant has waived the issues raised on this appeal by failing to raise them at the sentencing hearing and by failing to file a motion to reduce sentence. A post-sentencing motion is not necessary to preserve error as to sentencing issues. (*People v. Hargis* (1983), 118 Ill. App. 3d 1064, 1083, 456 N.E.2d 250, 261; contra *People v. Macke* (1992), 224 Ill. App. 3d 815, 816, 587 N.E.2d 1113, 1114.) Where it is alleged merely that a sentence is excessive, and not that evidence was improperly considered at the sentencing hearing, a contemporaneous objection at the sentencing hearing is not required for appeal. Where defendant asks for probation but the court sentences him to two years' imprisonment, it does not appear that a useful contemporaneous objection could be made. A motion to reduce sentence might complain one more time of the failure to award probation, but such a motion would add nothing to the original request, and provide the trial court with no opportunity which it had not already enjoyed. Defendant's position as to sentencing was made known to the court and was not waived.

On the merits we would find the trial court did not commit an abuse of discretion. Sentencing is a matter of judicial discretion (*People v. Goodwin* (1991), 208 Ill. App. 3d 829, 831, 567 N.E.2d 666, 667), and a reviewing court's power to alter or reduce a sentence pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)) is limited to those cases in which a trial court has abused

its discretion. (*People v. Streit* (1991), 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353.) It is well settled that a trial judge's sentencing decisions are entitled to great deference and weight. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) The trial judge is in a better position than a reviewing court to impose an appropriate penalty since it has firsthand observation of the defendant and consideration of such factors as defendant's credibility, demeanor, moral character, mentality, social environment, habits, and age. (*Streit*, 142 Ill. 2d at 19, 566 N.E.2d at 1353.) The trial judge also should consider defendant's history, rehabilitative potential, the seriousness of the offense, the need to protect society, and the need for deterrence. *Goodwin*, 208 Ill. App. 3d at 831, 567 N.E.2d at 667.

■ Defendant's first contention is that the trial judge failed to realize that he could impose a consecutive term of probation. A careful reading of the transcript from the sentencing hearing shows that the judge was aware that probation was available under section 5—8—4(f) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f)) but determined that imprisonment was necessary. Before sentencing defendant the judge went to great lengths to determine whether probation was available to defendant, since defendant was already incarcerated. The court and counsel even recessed to research the law. Upon return, defense counsel recommended probation for defendant, and the State did not argue probation was not possible. The judge noted that the Department of Corrections had revoked approximately a year and a half of defendant's good time as a result of defendant's actions against the correctional officers. The judge determined that probation would not be a sufficiently severe punishment for defendant's offense since defendant threatened serious bodily harm, and concluded a prison sentence was necessary given the seriousness of the offense. The judge stated that a prison must be able to maintain discipline, and that other individuals must be deterred from committing similar acts.

The circumstances here are far different than those cases cited by defendant where the judge (1) applied the wrong statute (*People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812 (trial judge under misapprehension that he was prohibited from imposing a term of periodic imprisonment)); (2) improperly applied the statute (*People v. Brown* (1990), 196 Ill. App. 3d 1, 553 N.E.2d 110 (court imposed improper consecutive sentences where multiple sentences of probation were to be served concurrently)); or (3) failed to consider an element important in sentencing defendant (*People v. Omatto* (1980),

88 Ill. App. 3d 438, 410 N.E.2d 588 (court unaware at sentencing hearing that difference between maximum and minimum security was to be based on the sentence given by the trial judge)).

■■ Defendant alternatively argues that the judge erroneously believed probation, to be served following a current penitentiary term, would not constitute punishment for a crime committed in the penitentiary. Defendant alleges that the judge substituted his own policy or judgment that a particular offense must always draw a term of imprisonment. Defendant cites *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, where the appellate court found abuse of discretion because the trial judge had announced at the presentencing hearing that he subscribed to a personal and inflexible policy whereby certain crimes were not probationable. In contrast, the judge here took considerable time and effort to weigh the mitigating and aggravating factors before issuing his sentence. The judge also took great care to determine that probation was available for defendant; his decision to impose imprisonment was not an abuse of discretion.

We affirm defendant's sentence of two years of imprisonment.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE KNECHT, specially concurring:

Defendants who have some complaint regarding their sentence should be required to specifically raise that complaint at sentencing or file a motion to reconsider or reduce sentence. (*People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113.) The teachings of *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, and *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, logically and legally call for this result.

Defendants who fail to challenge their eligibility for Class X sentencing, based on the commission dates of their prior felonies, at their sentencing hearing have been held to have waived the issue. (*People v. Williams* (1992), 149 Ill. 2d 467.) I believe the defendant here has waived consideration of whether his sentence is excessive because he did not file any motion after sentencing directed at the sentence.

In my view some prosecutors and defense counsel pay too little attention to sentencing hearings and the consequences of those proceedings. One striking example is the frequency of appeals which

raise the question of some miscalculation of a defendant's credit for time already served in jail. The case is not over simply because defendant has pleaded guilty or been found guilty by a judge or jury. The sentencing hearing is a significant part of the trial process, and both the People and the defendant deserve vigorous advocacy by their representatives in securing a sentence that is both fair and technically correct.

If a defendant believes his sentence is excessive, or he did not receive full credit for time served, then his concerns should be brought to the trial court's attention. To suggest trial judges will routinely deny such motions or that defendants will only rehash what has already been presented are criticisms or observations that might be made as to *any* post-trial motion. We are not disclosing family secrets to suggest trial judges who have carefully considered a sentence are not likely to change their minds. Some cynics might opine that trial judges are unlikely to admit their mistakes so that it is unproductive and wasteful to point out those mistakes after sentencing.

That is a view I do not hold. If a defendant thinks his sentence is excessive, then he ought by motion to so state in specific terms with reasons for his position. A hearing on the motion will permit the judge to reconsider and either reiterate those important factors which prompted the sentence imposed, or actually make some change in the sentence if it is excessive under the law and facts. Then, the record on appeal will be clear.

This will be no more burdensome than any of the other post-trial activities the law has so long countenanced in both civil and criminal trials. It will give the trial court the opportunity to correct any error that might have occurred, and make for a better appellate record.

I join in the majority decision because the trial judge did not abuse his discretion, but I do not agree with my colleagues' rejection of *Macke*.