THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIRBY C. HAUSMAN, Defendant-Appellant.

Fourth District    No. 4—95—0649

Opinion filed May 8, 1997.

Daniel D. Yuhas and Matthew J. Maurer, both of State Appellate Defender's Office, of Springfield, for appellant.

Brett Irving, State's Attorney, of Pittsfield (Norbert J. Goetten, Robert J. Biderman, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in the circuit court of Pike County, defendant Kirby C. Hausman was convicted of aggravated battery (720 ILCS 5/12—4(b)(6) (West 1994)) and obstructing a peace officer (720 ILCS 5/31—1 (West 1994)). On July 24, 1995, the trial court sentenced defendant to concurrent terms of three years' imprisonment for aggravated battery and 364 days' incarceration for obstructing a peace officer. Defendant appeals, contending the trial court sentenced him under the mistaken belief the required minimum sentence for aggravated battery was three years. We agree and vacate defendant's sentence and remand for a new sentencing hearing.

At the sentencing hearing, the trial court made the following statements while imposing sentence:

> "Based upon your prior criminal history I think it can certainly be the *maximum of seven (7) years.* *** [B]ut I also want to take into consideration, the fact that while the jury convicted you, and I think rightfully so, of the offense of Aggravated Battery, a [C]lass 3 felony, there was no substantial injury inflicted upon the deputy; that furthermore that you do have a young daughter at home,

and I would hope that at some future point in time you would be able to be a husband and father without them having the fear that arose apparently that particular evening.

When I take all of those factors into consideration, even though I think your record mandates a much longer sentence, I am going to impose the *minimum sentence of three (3) years* in the Illinois Department of Corrections." (Emphasis added.)

On August 22, 1995, defendant filed a motion to reconsider sentence, maintaining (1) the sentence was excessive; (2) the trial court failed to determine his penalty with the objective of restoring him to useful citizenship; and (3) the trial court failed to consider various factors in mitigation. After the trial court denied his motion, defendant appealed.

On appeal, defendant argues the trial court intended to sentence defendant to the minimum term, but imposed sentence under a mistaken belief the requisite minimum sentence for aggravated battery was three years rather than two years. Defendant argues the trial court's misstatement of the maximum sentence further demonstrates a misunderstanding of the law. Defendant implicitly urges this court to consider the issue under the plain error doctrine. 134 Ill. 2d R. 615(a). Defendant cites two cases where the first district found plain error applied when the trial court sentenced a defendant based upon an apparent misunderstanding of the minimum sentence. *People v. Nodal*, 89 Ill. App. 3d 538, 543, 411 N.E.2d 1087, 1091 (1980); *People v. Thorns*, 62 Ill. App. 3d 1028, 1032, 379 N.E.2d 641, 644 (1978).

The State argues the trial court intended to impose a three-year sentence and was merely mistaken in noting it was the minimum term for aggravated battery. The State also argues the plain error doctrine should not be invoked, contending the alleged error neither influenced the trial court's decision nor denied defendant a fair hearing.

By failing to object at the sentencing hearing and failing to raise the issue in his motion to reconsider, defendant waived this issue. *People v. Burt*, 168 Ill. 2d 49, 69, 658 N.E.2d 375, 385 (1995); *People v. Compton*, 193 Ill. App. 3d 896, 899, 550 N.E.2d 640, 642 (1990). Rule 615(a), however, provides an exception to the general waiver rule, permitting reviewing courts to recognize and address plain errors in two situations: (1) when the evidence is closely balanced or (2) when an error is so fundamental a defendant may have been denied a fair sentencing hearing. *People v. Beals*, 162 Ill. 2d 497, 511, 643 N.E.2d 789, 796 (1994). A defendant is entitled to be sentenced by a trial judge who knows the minimum and maximum

sentences for the offense. A misunderstanding as alleged here falls within the second prong of the plain error rule.

■ According to *People v. Eddington*, 77 Ill. 2d 41, 48, 394 N.E.2d 1185, 1188 (1979), "[a] misstatement of the understanding of the minimum sentence by the trial judge necessitates a new sentencing hearing only when it appears that the mistaken belief of the judge *arguably* influenced the sentencing decision." (Emphasis added.) Aggravated battery is a Class 3 felony, punishable by an imprisonment term of two to five years. 720 ILCS 5/12—4(e) (West 1994); 730 ILCS 5/5—8—1(a)(6) (West 1994). Even though the trial court correctly referred to aggravated battery as a Class 3 felony, the reference to the maximum of seven years and the imposition of "the minimum sentence of three (3) years" exceed the "arguable" standard set forth in *Eddington*. We do not suggest defendant is entitled to less than three years. Given the circumstances of the case, the trial court is entitled to impose a three-year sentence. However, the record must establish the sentence is based upon a proper understanding of applicable law. It is likely the trial court simply misstated the minimum and the maximum but had concluded three years was a proper sentence. Even experienced trial judges, such as the judge here, can make a mistake. Whether it was an inadvertent misstatement or a mistaken belief, it arguably influenced the judge's sentencing decision. We thus vacate defendant's sentence and remand for a new sentencing hearing.

If the prosecutor and defense counsel had given this matter the needed attention, the unnecessary expenditures for this appeal would have been avoided.

> "The case is not over simply because defendant has pleaded guilty or been found guilty by a judge or jury. The sentencing hearing is a significant part of the trial process, and both the People and the defendant deserve vigorous advocacy by their representatives in securing a sentence that is both fair and technically correct." *People v. Sims*, 233 Ill. App. 3d 471, 476, 599 N.E.2d 137, 140 (1992) (Knecht, J., specially concurring).

Both defense counsel and the State's Attorney were present for defendant's arraignment when a trial judge, other than the one who imposed sentence, informed defendant he faced a sentence of two to five years. Prior to sentencing, the State's Attorney requested a five-year term. While part of an adversarial proceeding, the sentencing hearing requires some collaboration on the part of judge and trial counsel. Had either side responded with an objection or a clarifying question at the trial level, the trial court would have had the opportunity to modify its comments or the sentence and the expense of an appeal and a second sentencing hearing would have been avoided.

Defendant's sentence is vacated and the cause is remanded for a new sentencing hearing.

Vacated and remanded.

COOK and GREEN, JJ., concur.