NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170094-U

NO. 4-17-0094

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ANTHONY P. BECKLEY, | ) | No. 15CF1204 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The defendant's term of mandatory supervised release (MSR) is reduced because the term imposed by the trial court was not authorized by statute. Pursuant to Illinois Supreme Court Rule 472 (eff. May 17, 2019), we remand the matter to the trial court to allow defendant the opportunity to file a motion regarding fines and fees.

¶ 2    In August 2015, defendant, Anthony P. Beckley, pleaded guilty to aggravated battery (720 ILCS 5/12-3.05(d)(2) (West Supp. 2015)). The trial court sentenced defendant to 30 months' probation. Defendant's probation was subsequently revoked, and the court sentenced him to five years in prison followed by four years of MSR and assessed certain fines and fees.

¶ 3    On appeal, defendant argues the trial court erred in imposing a four-year term of MSR, the $10 local anti-crime program assessment should be vacated, and he is entitled to a $5 per day sentence credit. We agree in part.

¶ 4                                I. BACKGROUND

¶ 5        On August 17, 2015, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(d)(2) (West Supp. 2015)) and unlawful interference with the reporting of domestic violence (720 ILCS 5/12-3.5(a) (West 2014)).

¶ 6        On August 20, 2015, defendant pleaded guilty to aggravated battery pursuant to a plea agreement and was sentenced to 30 months of probation. The court additionally ordered defendant to pay certain fines and fees. As part of defendant's probation, he was to report periodically to the probation department, refrain from using alcohol or illicit drugs, "attend and participate in such counseling, treatment or educational programs as may be directed in writing by a Probation Officer and abide by all rules, regulations and directions of any such program," pay all financial obligations, and perform 30 hours of public service work within six months. In accepting defendant's guilty plea, the court also entered a finding, pursuant to the agreement of the parties, that "the victim of this offense *** [was] a family or household member of [defendant's] within the meaning of 725 ILCS 5/112A-3(3); 720 ILCS 5/12-3.2(b); 720 ILCS 5/12-30(d); and 730 ILCS 5/5-9-1.5." The charge of unlawful interference with the reporting of domestic violence was dismissed as part of the plea agreement.

¶ 7        On April 26, 2016, the Champaign County court services department filed a probation violation report which stated that defendant had violated the terms of his probation. Specifically, the report stated defendant failed to report to probation as directed, "was referred to a Partner Abuse Intervention Program, but *** ha[d] failed to enroll in any such program," "tested positive for THC on 09/23/15" and "reported to the intake officer on 09/23/15 that he smoke[d] daily," failed to obtain a substance abuse evaluation as directed, failed to make payments toward

his financial obligations, and failed to perform any of his public service work. The State subsequently filed a petition to revoke defendant's probation.

¶ 8        On October 26, 2016, a hearing was held on the State's petition to revoke defendant's probation. At the hearing, defendant admitted that he violated the terms of his probation as alleged by the State. At the conclusion of the hearing, the court revoked defendant's probation.

¶ 9        On December 20, 2016, the trial court resentenced defendant for the offense of aggravated battery. In its written judgment, the court confirmed defendant had been convicted of aggravated battery as described in section 12-3.05(d)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(d)(2) (West Supp. 2015)) and stated it was a Class 3 offense. The court sentenced defendant to a prison term of five years and four years of MSR. The court also ordered defendant to pay certain fines, including a $10 local anti-crime program assessment (730 ILCS 5/5-6-3(b)(12), (13)(i) (West Supp. 2015)), a $15 state police operations assessment (705 ILCS 105/27.3a(1.5) (West 2014)), a $60 traffic/criminal surcharge (730 ILCS 5/5-9-1(c) (West 2014)), a $5 drug court assessment (55 ILCS 5/5-1101(f) (West 2014)), a $50 court finance fee (55 ILCS 5/5-1101(c)(1) (West 2014)), and a $30 juvenile expungement fund assessment (730 ILCS 5/5-9-1.17 (West 2014)).

¶ 10       On December 21, 2016, defendant filed a motion to reconsider his sentence, arguing that it was excessive. The trial court denied defendant's motion to reconsider.

¶ 11       This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13       On appeal, defendant argues the trial court erred in imposing a four-year term of

MSR, the $10 local anti-crime program assessment should be vacated, and he is entitled to a $5 per day sentence credit.

¶ 14                                    A. MSR Term

¶ 15        Defendant first contends that the trial court erred in imposing a four-year MSR term. Defendant admits he did not raise this issue in his postsentencing motion and, therefore, it was not properly preserved for appeal. See *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997) (sentencing issues must be raised in the trial court in order to preserve them for appellate review). Nonetheless, he argues, we may review the court's decision as plain error. "The ultimate question of whether a forfeited claim is reviewable as plain error is a question of law that is reviewed *de novo*." *People v. Johnson*, 238 Ill. 2d 478, 485, 939 N.E.2d 475, 480 (2010).

¶ 16        The plain error doctrine derives from Illinois Supreme Court Rule 615(a), which provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). However, the plain-error doctrine "is not a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court." (Internal quotation marks omitted.) *People v. Allen*, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006). Rather, it is a "narrow and limited exception to the general rule of forfeiture, whose purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process." *Id.* Plain error may be found where,

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that
> the error alone threatened to tip the scales of justice against the defendant,
> regardless of the seriousness of the error, or (2) a clear or obvious error occurred

- 4 -

and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007).

Reversal is appropriate under second-prong plain error only if the error was "structural, *i.e.*, a systemic error which serves to erode the integrity of the judicial process and undermine the fairness of the defendant's trial." (Internal quotation marks omitted.) *People v. Thompson*, 238 Ill. 2d 598, 613-14, 939 N.E.2d 403, 413 (2010). Reviewing courts "typically undertake[ ] plain- error analysis by first determining whether error occurred at all." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1059 (2010).

¶ 17        A trial court errs where the sentence it chooses is not authorized by law. *People v. Jones*, 168 Ill. 2d 367, 374, 659 N.E.2d 1306, 1308 (1995). Illinois law requires the imposition of MSR in conjunction with a defendant's prison sentence. See 730 ILCS 5/5-8-1(d)(1)-(6) (West 2014); see also *People v. Whitfield*, 217 Ill. 2d 177, 200-01, 840 N.E.2d 658, 672 (2005) ("We recognize that MSR terms are statutorily required and that *** the court has no power to withhold such period in imposing sentence.") (Internal quotation marks omitted.). The trial court has "no discretion but to impose" the statutorily required MSR term. *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 18, 106 N.E.3d 979.

¶ 18        A one-year term of MSR to be served upon a defendant's release from imprisonment must be included in all sentences imposed for Class 3 felonies. 730 ILCS 5/5-4.5-40(l) (West 2014); 730 ILCS 5/5-8-1(d)(3) (West 2014). A four-year sentence of MSR must be imposed if the sentence imposed is for a second or subsequent offense of aggravated criminal

sexual abuse or felony criminal sexual abuse (where the victim is under 18 years of age), or in the event the defendant is sentenced for felony domestic battery, aggravated domestic battery, stalking, aggravated stalking, or a felony violation of an order of protection. 730 ILCS 5/5-8-1(d)(5)-(6) (West 2014).

¶ 19    Here, following his admission that he violated the terms of his probation, defendant was resentenced for the offense of aggravated battery, a Class 3 felony (720 ILCS 5/12-3.05(h) (West Supp. 2015)). The trial court sentenced defendant to five years in prison to be followed by four years of MSR. However, as noted above, aggravated battery does not involve a four-year MSR sentence. Therefore, the trial court should have ordered a one-year term of MSR.

¶ 20    The State urges that we affirm the trial court's four-year MSR sentence because, during defendant's original sentencing hearing, the court found that the victim was a "family or household member of [defendant's] within the meaning of 725 ILCS 5/112A-3(3); 720 ILCS 5/12-3.2(b); 720 ILCS 5/12-30(d); and 730 ILCS 5/5-9-1.5." The State argues this finding required the court to impose a four-year term of MSR when it resentenced defendant as it described "felony domestic battery" which is mentioned in section 5-8-1(d)(6) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(6) (West 2014)). This argument fails because defendant was not convicted of felony domestic battery.

¶ 21    "[A] defendant may only be sentenced for the crimes of which he stands convicted." *People v. Clayborne*, 47 Ill. App. 3d 202, 206, 361 N.E.2d 1141, 1144 (1977). As evidenced by the parties' plea agreement and the trial court's sentencing judgment, defendant was convicted of aggravated battery. Indeed, the sentencing judgment specifically identified the offense as aggravated battery and its corresponding statutory citation, "720 ILCS 5/12-3.05(d)(2)." Because

defendant was not convicted of felony domestic battery, the court's prior finding that the victim was a family or household member of defendant was irrelevant to its determination of the proper MSR term.

¶ 22   Having found that the trial court erred in its imposition of a four-year MSR term, we now turn to whether the error constitutes plain error. We find *People v. Hausman*, 287 Ill. App. 3d 1069, 679 N.E.2d 867 (1997), instructive on this issue.

¶ 23   In *Hausman*, defendant was convicted of, *inter alia*, aggravated battery. *Id.* at 1070. At the sentencing hearing, the trial court informed the defendant that the court could sentence the defendant to "the *maximum of seven (7) years*," but after reviewing relevant mitigating factors, the court decided instead to "impose the *minimum sentence of three (3) years* in the Illinois Department of Corrections." (Emphasis in original.) *Id.* at 1070-71. The actual sentencing range for the defendant's aggravated battery was two to five years. *Id.* at 1072. On appeal, even though the defendant had failed to preserve the issue, we found plain error had occurred and remanded for a new sentencing hearing. *Id.* at 1072-73. In our review, we found that "[a] defendant is entitled to be sentenced by a trial judge who knows the minimum and maximum sentences for the offense" and that "[a] misunderstanding [thereof] falls within the second prong of the plain error rule." *Id.* at 1071-72.

¶ 24   As in *Hausman*, defendant's MSR sentence here resulted from a misapplication of the sentencing statute by the trial court. While recognizing "[e]ven experienced trial judges *** can make a mistake" (*Hausman*, 287 Ill. App. 3d at 1072), we find the court's erroneous imposition of a four-year MSR term, rather than the one-year term required by statute, was a structural error that deprived defendant of a fair sentencing hearing.

¶ 25 Having found that plain error occurred, we next consider the proper remedy. Defendant requests that we reduce his MSR sentence from four years to one year.

¶ 26 A reviewing court may "reduce the punishment imposed by the trial court." Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967). A reviewing court's exercise of its authority to reduce the punishment set by the trial court should be used "cautiously and sparingly." *Jones*, 168 Ill. 2d at 378. Whether a reviewing court should impose a new sentence or remand the matter for a new sentencing hearing "depends upon all of the surrounding circumstances of each particular case." *Id.* Where the parties "have no new or additional evidence to offer upon remand and the proof presented to the trial court [was] relatively straightforward and uncomplicated," it is appropriate for the appellate court to impose a new sentence "rather than exhaust additional judicial resources, as well as the resources of counsel for the State and the defense, that would be expended by ordering a new sentencing hearing." *Id.*

¶ 27 In the present case, defendant does not challenge his five-year prison sentence. Therefore, the only action to be taken at a new sentencing hearing would be the reduction of defendant's four-year MSR term to one year as required by statute. Such a reduction in sentence is purely administrative and remanding defendant's claim would needlessly expend judicial resources as well as the resources of counsel. Accordingly, pursuant to Rule 615(b)(4), we reduce defendant's MSR sentence from four years to one year.

¶ 28 In light of our decision that defendant's MSR sentence should be reduced under the plain error doctrine, we need not address whether defendant received ineffective assistance of counsel.

¶ 29 B. Reduction of Fines and Fees

¶ 30 Defendant's final contention on appeal is that the $10 local anti-crime program assessment should be vacated and he is entitled to a $5 per day sentence credit.

¶ 31 While this appeal was pending, our supreme court adopted Illinois Supreme Court Rule 472 (eff. May 17, 2019), which addresses the correction of certain errors in sentencing. The rule grants the trial court continuing jurisdiction to correct specified sentencing errors, including "[e]rrors in the imposition or calculation of fines, fees, assessments, or costs" and "[e]rrors in the application of *per diem* credit against fines." Ill. S. Ct. R. 472(a)(1)-(2) (eff. May 17, 2019). The trial court retains jurisdiction to address these matters even during the pendency of an appeal. Ill. S. Ct. R. 472(a) (eff. May 17, 2019).

¶ 32 Rule 472(c) prohibits the appeal of an error specified in section 472(a) "unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. May 17, 2019). The rule further provides that "[i]n all criminal cases pending on appeal as of March 1, 2019, *** in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

¶ 33 Because this appeal was pending as of March 1, 2019, and because defendant did not raise the trial court's allegedly improper assessment and application of *per diem* credit with that court, we remand this case to allow defendant to file a motion pursuant to Rule 472(a).

¶ 34                                             III. CONCLUSION

¶ 35 For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 36 Reversed and remanded.