NOTICE

Decision filed 08/18/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220214-U

NO. 5-22-0214

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 21-CF-499 |
| | ) | |
| CERVANTE S. HILL, | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm this matter where the defendant forfeited any error regarding the introduction of the IDOC documents where they were not made part of the record on appeal. We further find no plain error where the trial court did not consider or impose an extended-term sentence and defendant's claim of ineffective assistance of counsel lacks merit.

¶ 2    The defendant, Cervante S. Hill, was convicted of one count of aggravated domestic battery and two counts of domestic battery, after a bench trial. The defendant was sentenced only for aggravated domestic battery, as the trial court found that the domestic battery counts merged into the Class 2 felony. The defendant was sentenced to a term of six years' incarceration with a four-year term of mandatory supervised release (MSR). The defendant appeals his sentence, arguing that the trial court acted under a misapprehension of the proper sentencing range where the record failed to show that the defendant was eligible for an extended-term sentence, along with claims

1

that defense counsel provided the ineffective assistance of counsel. For the reasons that follow, we affirm.

¶ 3                                        BACKGROUND

¶ 4     The defendant was charged by information on May 4, 2021, with two counts of the Class 2 felony offense of aggravated domestic battery and two counts of the Class 4 felony offense of domestic battery. The information indicated that the defendant was eligible for Class X felony sentencing on the aggravated domestic battery charges.

¶ 5     The matter proceeded to a bench trial on October 20, 2021. Prior to the presentation of the evidence, the trial court began to admonish the defendant of the charges and possible penalties. Defense counsel informed the trial court that the defendant was not eligible for Class X felony sentencing on the aggravated domestic battery charges due to a recent amendment to the law, and the State agreed.

¶ 6     Defense counsel then indicated that there "is some debate whether or not [the defendant] would be extended-term eligible." The possibility of extended-term sentencing would have potentially been authorized by section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West 2020)), which allows for an extended-term sentence when a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when the conviction has occurred within 10 years after the previous conviction, excluding time spent in custody. Defense counsel referenced the defendant's 2007 conviction of robbery, a Class 2 felony, for which the defendant was sentenced to a period of incarceration in the Illinois Department of Corrections (IDOC). Defense counsel argued that the defendant "would have been released from incarceration before— or longer than 10 years for the commission of this offense, but he would have likely been on MSR

2

within ten years of the commission of this offense." Defense counsel stated that, essentially, the dispute over this issue involved the calculation of the 10-year time period under the statute, whether it should be calculated from the time the defendant was released from incarceration or the time that he was released from MSR. Defense counsel, however, stated that he did not anticipate the trial court ruling on the issue that day and that the defendant was prepared to proceed to trial without resolution of the issue.

¶ 7     In response, the State informed the trial court that it had previously contacted the IDOC and could confirm that the defendant was on MSR within 10 years of the date of the 2007 robbery, and that the State was further researching the issue. The trial court stated: "Okay. So we can deal with that later, as long as, [defendant], you understand that that changes the range of sentence potentially." The defendant answered: "I understand." The trial court continued to admonish the defendant of the possible penalties with both defense counsel and the State agreeing that there was the possible eligibility of an extended-term sentence on the aggravated domestic battery charge. The trial court explained that the defendant could be sentenced on count I, aggravated domestic battery, to a term of incarceration from 3-7 years if he was not extended-term eligible, a term of incarceration from 3-14 years if he was extended-term eligible, and that the sentence would be required to be served at 85% with a 4-year period of MSR. The defendant responded: "I understand." The trial court also advised the defendant of the possible penalties for counts II-IV. This included both the extended-term and nonextended-term sentencing ranges, as well as possible MSR.

¶ 8     After admonishing the defendant of all of the charges and possible penalties, the following exchange regarding the defendant's eligibility for extended-term sentencing occurred:

3

"THE COURT: Okay. So the only thing that's an unknown is whether you are extended-term eligible in Counts I and II, but that makes a seven-year difference in a possible sentence. So, without knowing that, do you want to proceed today with the bench trial—

THE DEFENDANT: Still do.

THE COURT: —or would you like us to figure that out first?

THE DEFENDANT: We can proceed, your Honor.

THE COURT: Okay. All right. When we have a break, I'll make a decision on that with the research you provide me with, okay?

[DEFENSE ATTORNEY]: Yes, your honor.

THE COURT: And, [the State], you are proceeding on all of the charges, correct?

[THE STATE]: Correct.

THE COURT: Okay. And I assume an offer has been made and rejected? Has an offer been made?

[DEFENSE ATTORNEY]: Judge, I believe the last offer was six years to Count I to be served at 85 percent.

THE COURT: Okay.

[THE STATE]: There have been a lot of negotiations. I believe that's correct.

THE COURT: Okay. And, [defendant], you were aware of that offer?

THE DEFENDANT: Yes, I remember that.

THE COURT: And do you wish to reject that offer at this time?

THE DEFENDANT: I do.

THE COURT: Okay."

4

¶ 9    After a break, the matter proceeded to a bench trial. Thereafter, the trial court rendered its verdict, specifically referencing the testimony and evidence presented, and finding the defendant guilty of count I, aggravated domestic battery, and both counts III and IV, domestic battery. The trial court eventually determined that counts III and IV were lesser-included offenses of count I, and that the defendant could only be sentenced on the Class 2 felony, aggravated domestic battery. The trial court found the defendant not guilty of count II, the aggravated domestic battery charge. The trial court set the matter for a sentencing hearing and indicated that counsel would present any argument regarding the defendant's extended-term sentencing eligibility at that time, and that the trial court would also research the issue.

¶ 10    The trial court proceeded to a sentencing hearing on March 3, 2022. At the beginning of the sentencing hearing, the trial court addressed the issue of whether the defendant was extended-term eligible. The State tendered an email that it had received from personnel at the IDOC with an attachment (IDOC documents) indicating the defendant's in-custody dates for his prior Class 2 felony conviction. Defense counsel indicated that he had not received a copy of that email but that the State had shown it to him prior to the sentencing hearing. Defense counsel did not object to the email and attachment, stating that the IDOC "is usually accurate with those records."

¶ 11    The trial court heard arguments from counsel regarding their respective positions. The State argued that the defendant was extended-term eligible as the time period between the defendant's prior offense and present offense was under 10 years, excluding time in custody, which included the time that the defendant served on MSR. Defense counsel argued that MSR was not included as time "in custody," stating that he did not "believe that's at least how Macon County has done it. It's my understanding it's from the date of incarceration." After hearing arguments from

5

counsel, the trial court specifically inquired whether the State would be seeking an extended-term sentence, and the following colloquy took place:

"THE COURT: Well, I guess, [the State], are you asking for an extended-term sentence, or do I need to make those rulings necessarily, or I'm going to spend time and do that today?

[THE STATE ]: Well, I will tell you that I did do the case law. The case law does say that parole time is in-custody time, and so you do not have to be in custody on the original offense, just simply have you been in custody during that time that it tolls, but that being said, if the Court is comfortable proceeding without the extended term, then I will leave it at that and we can have the sentencing three to seven.

THE COURT: I do believe parole time is considered in-custody. If you look at the *People v. Smith* case, 199 Ill. App. 3d 839, the appellate court ruled that parole time is considered in-custody time, so in that case, I believe he would be extended-term eligible. That would be my ruling should that come up in the future."

¶ 12   A presentence investigation report was prepared for the sentencing hearing, and the trial court heard testimony, admitted exhibits presented regarding mitigation, and heard the defendant's statement in allocution and the attorneys' arguments. At the close of the sentencing hearing, the State requested a term of seven years' incarceration while the defendant asked for 36 months of probation with community-based treatment, or in the alternative, three years' incarceration.

¶ 13   The trial court specifically enumerated the statutory factors it considered, including the factors in aggravation of the serious harm inflicted upon the victim, the defendant's extensive prior criminal history, and the necessity of deterrence, as well as a factor in mitigation of the defendant's participation in programs and treatment. Further, the trial court stated that a sentence of

6

imprisonment was necessary for the protection of the public and that probation or conditional discharge would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice. The trial court then sentenced the defendant to a term of six years' incarceration in the IDOC, to be served at 85%, with a four-year MSR. The trial court stated that the sentences for counts III and IV would be three years and would run concurrently with count I.

¶ 14 The defendant filed a motion to reconsider the sentence and a hearing was held on March 31, 2022. The defendant argued that his sentence should be reduced because the trial court failed to consider all the statutory factors in mitigation, specifically that defendant was a caretaker for his mother and children. Also, the defendant requested the trial court vacate the judgments in counts III and IV. After hearing arguments from counsel, the trial court denied the motion to reconsider sentence but stated: "I'll look at that mittimus and make sure those Count III and IV are vacated." The trial court also amended the sentencing order to reflect that the defendant had completed a substance abuse program and was, therefore, eligible for an additional 305 days of presentencing credit.

¶ 15 The defendant appeals, arguing that the trial court acted under a misapprehension of the proper sentencing range where the record failed to show that the defendant was eligible for an extended-term sentence. The defendant further argues that he was denied the effective assistance of counsel at sentencing. Accordingly, the defendant requests this court to remand for a new sentencing hearing before a new judge.

¶ 16 ANALYSIS

¶ 17 The defendant's contention on appeal is that the trial court erred by considering an extended-term sentencing range because the record before the trial court at the sentencing hearing failed to show that the defendant was eligible for an extended-term sentence. According to the

7

defendant, the trial court acted under a misapprehension of the proper sentencing range in sentencing the defendant. The defendant also argues that the IDOC documents did not establish his eligibility for extended-term sentencing and, further, that the State failed to establish the proper foundation for the admission of the IDOC documents. The defendant also argues that he was denied the effective assistance of counsel where defense counsel failed to renew an objection to the defendant's eligibility for extended-term sentencing and failed to object to the IDOC documents at the sentencing hearing. The defendant argues that defense counsel should have argued the same in his motion to reconsider sentence.

¶ 18    The State responds that the defendant's argument was forfeited where he failed to include the IDOC documents in the record on appeal, failed to object to the IDOC documents at sentencing, and that defense counsel invited any error by conceding the information contained in the IDOC documents was accurate. The State further responds that forfeiture aside, the record affirmatively demonstrates that the State sought, and the trial court imposed, a term of six years' incarceration, which was not an extended-term sentence.

¶ 19    The defendant acknowledges that he did not object to the introduction of the IDOC documents, and further acknowledges that he failed to raise this issue in a posttrial motion. Such failure operates as a forfeiture of the right to raise the issues as grounds for reversal on review. *People v. Thompson*, 238 Ill. 2d 598, 611-12 (2010). The defendant urges this court, however, to review this issue under the plain error doctrine, which provides a narrow and limited exception to the forfeiture rule. *People v. Averett*, 237 Ill. 2d 1, 18 (2010). The plain error doctrine may be applied as an exception to the forfeiture rule where the record clearly shows that an alleged error affecting substantial rights was committed or where the error occurs in a case in which the evidence is closely balanced. *Thompson*, 238 Ill. 2d at 613.

8

¶ 20　Plain error review, however, is forfeited when the defendant invites the error. *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. When a party procures, invites, or acquiesces in the admission of evidence, even where the evidence is improper, that party cannot contest the admission on appeal. *People v. Caffey*, 205 Ill. 2d 52, 113 (2001); *People v. Harvey*, 211 Ill. 2d 368, 386 (2004). Here, the State tendered the IDOC documents to the trial court during a discussion of the appropriate sentencing range at the defendant's sentencing hearing. Defense counsel did not object to the IDOC documents and conceded that the information contained in the IDOC documents was accurate. As such, defense counsel acquiesced to the tender to the trial court of the IDOC documents, thus inviting any error in its consideration.

¶ 21　Additionally, the IDOC documents were not included in the record on appeal. The State never officially introduced the documents into evidence or made them a part of the record in the lower court. The State, while arguing that the defendant qualified for extended-term sentencing, did not ultimately seek an extended-term sentence for the defendant. Instead, the trial court asked the State "are you asking for an extended-term sentence, or do I need to make those rulings necessarily, or I'm going to spend time and do that today?" The State responded with its legal assertion that parole time was part of "in-custody time"; however, the State also stated that "if the Court is comfortable proceeding without the extended term, then I will leave it at that and we can have the sentencing three to seven." The trial court responded that its interpretation of the law was that "in-custody" time included parole time. The trial court stated: "so in that case, I believe [the defendant] would be extended-term eligible. That would be my ruling should that come up in the future."

¶ 22　It is not possible, without the IDOC documents, for this court to review their relevance or reliability. There is no information in the record on appeal regarding what was contained in the

IDOC documents, other than who it was sent by and who received it, and that the attachment included the defendant's "in-custody dates."

¶ 23    An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the circuit court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The lack of a complete record renders any issue regarding the admissibility or reliability of the email and attachment forfeited.

¶ 24    The defendant next argues that we must remand for a resentencing because the trial court misapprehended the appropriate sentencing range, and it arguably influenced the trial court's sentencing decision. This argument relies upon the defendant's assertion that the trial court applied, or at least considered, the defendant's eligibility for extended-term sentencing, believing that the defendant qualified to be sentenced to a range of 3 to 14 years, the general extended-term sentence for Class 2 felonies (730 ILCS 5/5-4.5-35(a) (West 2020)), rather than 3 to 7 years, the nonextended term sentence range applicable to aggravated domestic battery (720 ILCS 5/12-3.3 (West 2020)). Again, the defendant acknowledges that he failed to raise this issue in a posttrial motion and argues that this court should review the issue under the doctrine of plain error.

¶ 25    To warrant plain error review of a sentencing error, a defendant must show that the error was clear and obvious and that "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). A fair sentencing hearing necessarily requires "a trial judge who knows the minimum and maximum sentences for the offense." *People v. Hausman*, 287 Ill. App. 3d 1069, 1071-72 (1997). Under either prong of the plain-error doctrine, it is the defendant

10

who bears the burden of persuasion. *People v. Mueller*, 2015 IL App (5th) 130013, ¶ 25. The first step in plain error review is to determine whether any error occurred at all. *Id.*

¶ 26     In *People v. Eddington*, 77 Ill. 2d 41 (1979), our supreme court held that when a trial court misunderstands and misstates the minimum sentence, a new sentencing hearing is necessary when it appears that the mistaken belief of the judge arguably influenced the sentencing decision. *People v. Crawford*, 2023 IL App (4th) 210503, ¶ 51. When applying *Eddington* and considering whether a mistaken belief arguably influenced the trial court's sentencing decision, we pay particular attention to the trial court's comments during the sentencing hearing. *Id*. What the trial court said will likely indicate if it relied upon, or even used as a reference point, its mistaken belief that the defendant was extended-term eligible. *People v. Hill*, 294 Ill. App. 3d 962, 970 (1998).

¶ 27     We find that no error occurred in this case, where, despite the defendant's claim to the contrary, the trial court did not consider an incorrect sentencing range. The record affirmatively demonstrates that the State sought, and the trial court imposed, an unextended sentence within the range of 3-7 years for the defendant's conviction for a Class 2 felony. As the defendant argues, the State, defense counsel, and the trial court extensively discussed the defendant's eligibility for an extended-term sentence, both prior to trial and at sentencing.

¶ 28     At the sentencing hearing, defense counsel argued that MSR was not included in the calculation of "in custody" time to be excluded in determining whether a prior offense occurred within the past 10 years. In support of his argument, defense counsel stated that: "at least how Macon County has done it." The trial court specifically asked the State if it was seeking an extended-term sentence and the State responded that it would not be seeking such a sentence. In its comments, the trial court stated that its reading of the case law indicated that time spent on

11

MSR is considered time "in-custody." Based on that precedent, the trial court stated, "I believe he would be extended-term eligible. That would be my ruling should that come up in the future."

¶ 29 The above dialog indicates that the State was agreeing not to pursue an extended-term sentence by stating "if the Court is comfortable proceeding without the extended term, then I will leave it at that and we can have the sentencing three to seven." The trial court, in stating, "That would be my ruling should that come up in the future," appears to be notifying defense counsel of how it would interpret the law in future cases, as defense counsel had referenced local practice being different than the trial court's legal analysis. This interpretation of the colloquy in the trial court is bolstered by the fact that the State did not request an extended-term sentence and the trial court did not impose one. There is nothing in the record to indicate that the trial court improperly considered the defendant's eligibility for an extended-term sentence when the trial court imposed an unextended-term of six years' imprisonment.

¶ 30 The trial court listed the factors in aggravation and mitigation that it considered in fashioning its sentence. In aggravation, the trial court considered the circumstances of the crime and the defendant's extensive criminal history. In mitigation, the trial court considered the services that the defendant had completed in custody, as well as his potential to be a caretaker for his mother and children. The trial court found that imprisonment was necessary for the protection of the public and that probation or conditional discharge would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice. In pronouncing its sentence, the trial court stated: "Considering [the State] is asking for seven years, [defense counsel] is asking for probation, I believe a sentence of six years at 85 percent is a reasonable sentence, considering the crime which [the defendant] has been found guilty of."

¶ 31    The trial court clearly established that the defendant's sentence was based on the crime for which he was convicted and the aggravation and mitigation before the court. The trial court did not comment on the defendant's qualification for extended-term sentencing when discussing its considerations in pronouncing the defendant's sentence. Moreover, because the State did not recommend an extended-term sentence, it is not arguable a mistaken belief as to the defendant's extended-term eligibility influenced the trial court's sentencing decision in this case.

¶ 32    Based on the record before this court, it is clear that the trial court neither relied upon nor considered the defendant's eligibility for extended-term sentencing in fashioning its sentence. Here, where we find that the trial court proceeded to sentencing with the State's concession that extended-term sentencing would not be applied, we cannot conclude that the trial court's belief, mistaken or not, that the defendant was extended-term eligible even arguably influenced its sentencing decision. As such, we find that no plain error occurred, and the issue remains forfeited.

¶ 33    Finally, the defendant contends that defense counsel provided ineffective assistance by failing to object to the lack of foundation of the IDOC email and attachment. The defendant further argues that defense counsel provided ineffective assistance by failing to renew his objection to the defendant's eligibility for extended-term sentencing at the sentencing hearing and to argue in his motion to reconsider that the defendant was ineligible for an extended-term sentence.

¶ 34    To prevail on a claim of ineffective assistance of counsel during sentencing, the defendant must establish that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's incompetence, there was a reasonable chance the defendant would have obtained a better result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The IDOC email and attachment were tendered to the trial court for the purposes of establishing the defendant's custody dates on a prior offense to determine if the defendant would be extended-term eligible. As

13

previously discussed, where the email and attachment were not made a part of the record on appeal, it is not possible for this court to review its admissibility or reliability, and thus, we are unable to review defense counsel's performance as to the admissibility of the evidence.

¶ 35    As we have already held that the trial court did not even arguably consider the defendant extended-term eligible for purposes of sentencing, there was no error and therfore cannot be ineffective assistance of counsel as to these issues. See *People v. Carr-McKnight*, 2020 IL App (1st) 163245, ¶ 93 (because there was no clear or obvious error, there cannot be ineffective assistance of counsel). Therefore, since there is no evidence that the trial court considered improper evidence or that the imposition of the sentence was clear or obvious error, the defendant's ineffective assistance claim also must fail.

¶ 36                              CONCLUSION

¶ 37    Where the defendant forfeited any claim of error regarding the admissibility of the IDOC documents, and further failed to provide the documents to this court for review, any argument as to their admissibility is forfeited. Further, we find no plain error where the trial court did not consider or impose an extended-term sentence and, the defendant's claim of ineffective assistance of counsel lacks merit. For the foregoing reasons, the judgment of the circuit court of Macon County regarding the defendant's sentence is affirmed.

¶ 38    Affirmed.